## HURD *v.* GERE *et al.*

### (*Circuit Court, N. D. New York.* April 15, 1889.)

REMOVAL OF CAUSES—APPLICATION—TIME OF FILING.

Where a defendant, after the time to answer has expired, procures an *ex parte* order extending his time, contrary to the practice in the state court, and then files an application for removal, the application is not filed, within the meaning of the removal act of March 3, 1887, "before the defendant is required by the laws of the state or the rules of the state court" to answer the complaint.

On Motion to Remand.
*Hamilton Ward,* for plaintiff.
*Tracy, MacFarland, Boardman & Platt,* for defendants.

WALLACE, J. The order of the state court, extending the time of the defendants to answer the complaint, having been made after the time to answer had expired, without notice to the plaintiff of the application, was doubtless irregular; but it was not void, although the court might have vacated it upon the application of the plaintiff, and it would then have been regarded as a nullity. Nevertheless it would

violate the intent, if not the literal terms, of the removal provisions of the act of March 3, 1887, to permit a defendant, after the time to answer a complaint has expired, to obtain an *ex parte* order extending his time, contrary to the practice of the state court, and then, by removing the cause, prevent the plaintiff from applying to the state court to vacate the order, and thus preclude him from an opportunity of having it treated as null. It should be held, in such a case, that the petition for removal was not filed "before the defendant is required by the laws of the state or the rules of the state court" to answer the complaint. The motion to remand is granted.