## LUSK v. LYON METAL PRODUCTS, Inc.

### No. 5846.

United States District Court
W. D. Missouri, W. D.

Aug. 11, 1949.

Clay C. Rogers, Lyman Field, Reed O. Gentry, Kansas City, Mo., and Robert R. Hasty, Wichita, Kan., for plaintiff.

John H. Lathrop, Richard S. Righter, of Lathrop, Crane, Sawyer, Woodson & Righter, Kansas City, Mo., for defendant.

DUNCAN, District Judge.

Plaintiff, a resident of Kansas, instituted this suit in the State Court of Jackson County, Missouri, against the defendant, a corporation organized under the laws of the State of Illinois, with a place of business in Kansas City, Missouri. The amount of the suit is in excess of $3,000.00.

The case was removed to this court by defendant, and the plaintiff has filed Motion to Remand on the ground that the petition for removal was filed after the time allowed by statute.

Section 1446, Title 28 U.S.C.A., provides that:

"The petition for removal of a civil action or proceeding *shall* be filed within

twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, * * *." (Emphasis supplied.)

The petition was filed on the twenty-first day after service was had upon the defendant and the plaintiff seeks to remand on the ground that the petition was not filed within the time fixed by the statute. The defendant has filed a motion under Rule 6(b) of the Rules of Civil Procedure, 28 U.S.C.A., to extend the time within which the petition for removal might be filed. Rule 6(b) provides:

"*When by these rules or by a notice given thereunder or by order of court an act is required or allowed* to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect;* * * *." (Emphasis supplied.)

In its brief the defendant admits that under the statute as it existed prior to the amendment which became effective September 1, 1948 a petition filed beyond the time allowed by statute would not have conferred jurisdiction upon the Federal Court, and that the court would have been required to remand a case removed on a petition filed after the thirty day period fixed by the statute. In this respect the courts are unanimous in so holding.

In Ransom v. Sipple Truck Lines, Inc., D.C., 52 F.Supp. 521, Judge Delehant in an opinion in which the subject was thoroughly discussed and in which apparently all of the cases where the question had been raised were cited, so held, but the defendant contends that in view of the amendment of Section 1446, supra, which requires the filing of the petition in the Federal Court rather than in the State Court and shortening the time from thirty days after the time for pleading as fixed by the State law or rules of court to twenty days after the service of process upon the defendant, brings it clearly within the provision of paragraph (b) of Rule 6 heretofore set out.

With this contention of defendant I am unable to agree. I think the filing of the petition within the period of twenty days under the amendment is mandatory, as it was under the provisions of the statute prior to its amendment, and which had been passed on by the courts in so many cases.

Defendant's motion to extend the time is accompanied by affidavits of local counsel and of general counsel in Chicago, Illinois to the effect that the normal circulation of the files and correspondence incident to the employment of local counsel, did not enable local counsel to file the petition within the time allowed by the statute, and seeks to extend the time under the rule on the ground of *excusable negligence.*

 If it were within the power of the court to extend the time under the circumstances, I should be inclined to do so, in view of counsel's undisputed statement, but to me the rule is limited to such matters as arise under the rules of civil procedure or by order of the court, and not to periods of time which are definitely fixed by the Code, as in this case. The rule very clearly says: "*When by these rules or by a notice given thereunder or by order of court* * * *" (Emphasis supplied) and is entirely silent as to causes arising under the Code. I think the court is clearly without authority to extend the time and that the filing of a petition subsequent to twenty days after the service of the summons upon the defendant does not confer jurisdiction upon this court, and the motion is therefore sustained and the cause is remanded to the Circuit Court of the State of Missouri, within and for Jackson County at Kansas City.