**PETER HOLDING CO. v. LE ROY FOODS, Inc., et al.**

**Civ. A. Nos. 1156–51, 1161–51.**

United States District Court
D. New Jersey.
Jan. 28, 1952.

Koehler, Augenblick & Freedman, Newark, N. J., Bernard Freedman, Newark, N. J., for plaintiff.

Elias A. Kanter, Newark, N. J., for defendant Le Roy Foods, Inc.

Anthony L. Cecere, Newark, N. J., Alfred J. Kirsh, Richmond, Va., for defendant Shelton Mfg. Co., Inc.

MODARELLI, District Judge.

Plaintiff moves this court for a remand of this case to the Superior Court, Law Division, Essex County, where it was originally brought. It is an ejectment action for the possession of property and damages for mesne profits. Plaintiff states three grounds for the remand, of which only one need be considered, namely, that all defendants have not petitioned for removal individually or jointly.

On December 13, 1951, defendant, Le Roy Foods, Inc., filed a petition for removal to this court. The next day defendant, Shelton Manufacturing Co., Inc., petitioned for removal to this court. Defendant, Dade Brothers, Inc., has not filed a petition for removal nor has it joined with or consented to the petitions filed by the other defendants. The pertinent portions of the Judicial Code are: Section 1446(b),

"The petition for removal * * * shall be filed within twenty days after the receipt by the defendant * * * of a copy of the initial pleading * *."

and Section 1441(c),

"Whenever a separate and independent claim or cause of action * * * is joined with one or more otherwise non-removable claims * * * the entire case may be removed and the district court may determine all issues therein,

or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Prior to the amendment of 1948, it was possible to remove a separable controversy to the District Courts of the United States. The new wording makes it clear that separable controversies are no longer removable. "In other words, the fragment of a cause of action can no longer furnish a basis for removal; one of two or more causes of action may do so." Moore's Commentary on the U. S. Judicial Code, Section 36 at page 238. Under the new wording, one of two or more defendants may remove the cause of action as to himself only if it is in fact a separate rather than a separable cause of action. The amendment has thus narrowed rather than broadened removal. This point was recently brought home in the case of Sequoyah Feed & Supply Co., Inc., v. Robinson, D.C.Ark.1951, 101 F.Supp. 680. See also Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., D.C.W. D.Mo.1949, 82 F.Supp. 635, 638; Board of Directors of Crawford County Levee Dist. v. Whiteside, D.C.Ark.1949, 87 F.Supp. 69, 71, 72; and Nelson v. Camp Mfg. Co., D.C. S.C.1942, 44 F.Supp. 554.

Defendant cites the case of Stangard Dickerson Corp. v. United Electrical Radio & Machine Workers, etc., D.C.N.J.1940, 33 F.Supp. 449. It will be noted that this case interpreted the then pertinent section of the Judicial Code before the amendment. It was clearly pointed out at page 451 of 33 F. Supp. of that case that although each defendant did not file a petition for removal, they did file their consents to join in the petition. No such consent was filed by Dade Brothers, Inc., in the instant case. Nor can it be said that the fact that Dade Brothers, Inc., filed a protective answer and cross-claim in this court can be construed as a consent to joinder.

Where the right of removal has been lost by failure to file a petition within the statutory period, it cannot be restored by order of the court or by stipulation of the parties. The statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the court has no discretionary

58

power to enlarge this period. Daugherty v. Western Union Telegraph Co., C.C.Ind. 1894, 61 F. 138; Hurd v. Gere, C.C.N.Y. 1899, 38 F. 537; and Lusk v. Lyon Metal Products, D.C.Mo.1949, 9 F.R.D. 250.

An order may be prepared granting the motion to remand to the Superior Court, Law Division, Essex County.