## GAINES et al. v. BADER.

No. 12460.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 29, 1952.

Rehearing Denied Nov. 26, 1952.

Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellant.

Joe E. Briscoe, Devine, Remy & Burns, San Antonio, for appellee.

POPE, Justice.

This case presents another exercise in Texas' voluminous contribution of legal writings upon the distinction between active and passive negligence. This is an appeal from an order overruling a plea of privilege and concerns the trespass clause of Article 1995, § 9, Vernon's Ann.Tex. Stats.

Ralph A. Bader sued Gaines Brothers to recover damages for personal injuries sustained when he was hit by a truck operated by an employee of Gaines Brothers. Gaines Brothers' residence is in San Patricio County, to which county they sought to remove the case from Nueces County, where the accident occurred. Gaines Brothers were engaged in the business of oil field hauling and were moving a drilling rig onto a new location in an open field in Nueces County. Approximately twenty persons were working in close proximity to the rig that was being raised, when Bader went to get something from a tool house. In order that trucks and heavy equipment could move about the area in wet weather, a caliche road had been made between the rig and the tool house. One of Gaines Brothers' truck drivers unloaded his truck and then turned his truck around, and while proceeding at a speed of from two to three miles an hour drove along the caliche road to a point within six feet of the tool house. Bader came out of the tool house and was knocked down by the truck at a point between six and ten feet from the tool house. Other negligence is alleged, but the only grounds that could properly constitute active negligence are the ones that assert negligence on the part of the truck driver:

"In driving the truck at an excessive rate of speed under the facts and circumstances.

"In driving his truck through an area where men were working without giving notice or adequate signal that such truck was being driven through such area.

"In driving through an area where men were working which fact was known by him, without first determining whether such truck could be driven through such area with safety."

Sufficient evidence was presented to support the court's implied finding of negligence, for it was shown that the driver drove through areas where he knew men came in and out. This was at a time when there was considerable activity on the part of about twenty men milling about and working to raise the rig, and he drove closer to the shed than was necessary, since the caliche road was fifty feet wide. He struck Bader while he was proceeding at only about two or three miles per hour, but that may have been too fast under the circumstances. Circumstances are conceivable when to move at all would be too fast under the circumstances, such as a car pushing through a crowd.

But the decision in this case must be controlled by the decisions which hold certain acts to be active or passive negligence. Appellant relies upon the Supreme Court decision in Barron v. James, 145 Tex. 283, 198 S.W.2d 256. Appellee relies upon the Supreme Court decision of Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374. Both cases, of course, hold that there must be active negligence to hold venue in the county of the accident, but what allegation is and what is not active rather than passive negligence is a distinction of an elusive nature.

The appellee urges that the Supreme Court has approved the following as examples of active negligence:

"The driving of a heavily loaded truck on a public highway without having it equipped with adequate brakes". Murray v. Oliver, Tex.Civ.App., 61 S. W.2d 534, approved in Jackson v. Mc-Clendon, 143 Tex. 577, 187 S.W.2d 374, 376.

" * * * filling the well with liquid cement to a depth of 1,000 or more feet without having previously set up and connected machinery of sufficient capacity to be used to remove the cement before it became hardened and set." Jackson v. McClendon, supra.

" * * * operating the first pump used in such manner as to cause same to break down, and having broken it down delayed in replacing it with another for such length of time that cement placed in the well became hardened and set." Jackson v. McClendon, supra.

Appellant urges that the Supreme Court has approved the following as examples of passive negligence:

"That the driver failed to reduce the speed of the bus before undertaking to pass the horse". Barron v. James, 145 Tex. 283, 198 S.W.2d 256, 260.

"That the driver was guilty of negligence in not driving sufficiently to his left to avoid coming in contact with the horse". Barron v. James, supra.

From such illustrations, it might be said that the distinction between active and passive negligence has become such a refined legal art that a continuing operation followed by a mere "delay" in a change of that operation, is active negligence. This is seen from the third illustration in the Jackson case, as set out above. But a continuing operation followed by a "failure" in a change of that operation, is held to be passive negligence under the first illustration from the Barron case, as set out above. It might be urged that if the pleader in the Barron case had paraphrased the pleader in the Jackson case and stated that the defendant was "operating the car along the highway with speed and having come upon the plaintiff's vehicle, delayed in reducing the speed for such length of time that the vehicle collided with the plaintiff," there would have been active negligence, and an opposite result. "Delay" following a continuing operation has been designated active, but "failure" following a continuing operation has been designated passive negligence.

Even in venue law, things equal to the same thing should be equal to each other. The same operation can usually be described positively or negatively. "It is not night" is one way of saying "It is day." "He drove his car too far to the right" is a variation of the statement, "He failed to drive his car sufficiently to the left." But the thing described is the same in either sentence. One of the inadequacies of language is that sooner or later, the thing is confused with the symbol for that thing. When the mind is centered on the verbal description of something instead of the thing itself, we conclude that "Pigs are rightly named, since they are such dirty animals." This troublesome problem in communication is never completely overcome and modern language is often not far removed from the idea that certain positive precepts are charms and other negative precepts are taboos. It is hardly sound to say that "approaching" in Texas venue law is a charm word for active negligence, but "failure" is a taboo word and means passive negligence. The controlling inquiry in suits of this kind should be the operation or thing itself, and not its verbal description or formulation.

The driver's operation of the vehicle at the scene of this occurrence was a continuous movement set and kept in force by him. We think under the Jackson case, there was an active negligence, and that the actual operation out on the caliche road rather than its descriptive verbal formulation is the only real inquiry. Starnes v. Sumners, Tex.Civ.App., 239 S.W.2d 880; Gaford v. Arnold, 238 S.W.2d 225; Royal Crown Bottling Co. v. Minugh, 244 S.W. 2d 531; 29 Tex.L.Rev. 513, 523.

The judgment is affirmed.