**SUNBEAM CORPORATION, Plaintiff,**

v.

**Morris A. BRAZIN, Defendant.**

**No. 138.**

United States District Court
E. D. Kentucky, at Frankfort.
March 15, 1956.

**724**

Louis Cox, Hazelrigg & Cox, Frankfort, Ky., for plaintiff.

Herbert D. Liebman, Frankfort, Ky., for defendant.

FORD, Chief Judge.

This case is submitted for judgment upon the plaintiff's motion to remand .it to the Franklin Circuit Court of the State of Kentucky, from which it was removed, upon the ground that the petition for removal was not timely filed.

The action was originally filed in the Franklin Circuit Court on December 27, 1955, and on the same day summons was executed upon the defendant. Under Kentucky Rules of Civil Procedure, the initial pleading is not required to be served on the defendant. The petition for removal was filed in this Court on January 17, 1956. It is not disputed that the petition for removal was filed more than 20 days after the filing of the Complaint and the service of summons upon the defendant.

The question presented is whether the Court, in the exercise of its discretion, may enlarge the period prescribed for the filing of the petition for removal.

The 1949 Amendment, as set out in 28 U.S.C.A. § 1446(b), requires that "The petition for removal of a civil action or proceeding *shall* be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (Italics added.)

This amendment is quite different from the preceding statutory rule governing the time for filing a petition for removal. It provided that the petition *may* be filed "any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, * * *."

Under the statute as it existed prior to the 1949 Amendment, it was held by some courts that a stipulation of counsel or an order of the State Court, extending the time to answer or to plead, automatically extended the time to file petition for removal. Other courts held that the time could not be so extended.

As said by District Judge Weinfeld in Dutton v. Moody, D.C., 104 F.Supp. 838, 840, " * * * it may be assumed that Congress was aware of the conflict of rulings under the old section and that it intended to achieve uniformity on a nation-wide basis as to the period within which petitions for removal were to be filed. The use of a determin-

ant of twenty days and the elimination of the reference to state laws and rules which permitted flexibility of time within which to file, appears to underscore such an objective. Viewed in this light, it would appear that the twenty day period may not be varied by voluntary action on the part of counsel—in effect that its requirement is mandatory."

The weight of authority on the point seems to be to the effect that the 20-day period prescribed by the present statute may not be varied by voluntary action nor excusable neglect on the part of counsel nor enlarged by the Court in the exercise of discretion. A petition for removal filed after the expiration of the 20-day period, referred to in the statute, is ineffectual to invoke the exercise of jurisdiction by the Federal Court to which removal is sought. See, Biscup v. People of State of New York, D.C.N.Y., 129 F.Supp. 765; Lusk v. Lyon Metal Products, D.C.Mo., 9 F.R.D. 250; Peter Holding Co. v. Le Roy Foods, D.C. N.J., 107 F.Supp. 56, 57–58.

For the reasons indicated, the motion to remand should be sustained. Let an order be entered accordingly.