Norman E. WISSEMAN
v.
Rita LaCHANCE, Executrix of Lionel R. LaChance, Deceased; Marcel Roger LaChance; and Merle W. Webber.

Civ. No. 797.

United States District Court
E. D. North Carolina,
Wilson Division.

Oct. 20, 1962.

Spruill, Thorp, Trotter & Biggs, by M. Alexander Biggs, Jr., Rocky Mount, N. C., for plaintiff.

Maupin, Broughton, Taylor & Ellis, Raleigh, N. C., Battle, Winslow, Merrell, Scott & Wiley, by Robert M. Wiley, Rocky Mount, N. C., for defendants.

LARKINS, District Judge.

## STATEMENT OF CASE

This action grew out of a truck-car collision on February 25, 1960. Plaintiff was driving a loaded tractor-trailer unit on U. S. Highway 301 from Florida to Pennsylvania, which collided with a 1959 Ford Station Wagon. The collision occurred on U. S. 301 at the Rocky Mount, North Carolina Bypass. It was stipulated that the station wagon was being driven by Marcel Roger LaChance. The defendant, Merle W. Webber, owner of the station wagon, was a passenger therein.

## FINDINGS OF FACT

1. On June 19, 1961, a series of actions were instituted in the United States District Court of Maryland as a result of the truck-car collision, in which some of the same parties to this action were involved.

(a) On June 19, 1961, Merle W. Webber filed an action against Service Trucking Co., Inc., a body corporate, and Norman E. Wisseman. The complaint sought recovery of $250,000.00.

(b) On June 19, 1961, Marcel Roger LaChance filed an action against Service Trucking Co., Inc., a body corporate, and Norman E. Wisseman. The complaint sought a recovery of the sum of $350,-000.00.

(c) On June 19, 1961, Rita LaChance, executrix of Lionel R. LaChance deceased, filed an action against Service Trucking Co., Inc., a body corporate, and Norman E. Wisseman. The amount of the recovery sought by this plaintiff is not known by this Court.

2. On July 17, 1961, defendant Norman E. Wisseman filed answer in each of the three actions.

3. On July 17, 1961, defendant Norman E. Wisseman filed a motion for change of venue. This motion was denied on November 2, 1961.

4. On March 12, 1962, Norman E. Wisseman petitioned the United States District Court for the District of Maryland for an order permitting a counterclaim, by supplemental pleading, against Merle W. Webber and Marcel R. LaChance and said order was allowed.

5. A counterclaim was filed against Merle W. Webber on March 22, 1962, and against Marcel R. LaChance on March 23, 1962.

6. The Present action was instituted in the Superior Court of Nash County, North Carolina on December 21, 1961. Defendants filed answer on February 7, 1962. A motion to amend complaint was filed on March 9, 1962. Plaintiff filed a reply on March 13, 1962. Motion to amend complaint settled by stipulation of parties and motion withdrawn.

7. A judgment of voluntary nonsuit as to defendant, Rita LaChance, executrix of Lionel R. LaChance, deceased, was entered on May 5, 1962.

8. Thereafter, motion for leave to file an undated Supplemental Answer and Counterclaim was filed by the de-

fendants, the verification by defendants' attorney being dated May 28, 1962. An affidavit filed with this Court by the Clerk of the Superior Court of Nash County, North Carolina states, inter alia, that an order dated May 31, 1962, allowing the Supplemental Answer and Counterclaim was filed in his office not earlier than August 16, 1962, and not later than August 21, 1962.[1]

9. Defendants Marcel Roger La-Chance and Merle W. Webber, in their Supplemental Answer and Counterclaim, filed September 4, 1962, seek to recover from plaintiff the sum of $350,000.00 for injuries allegedly received in the aforesaid truck-car collision.

10. Before the counterclaim was filed in this action, the requisite jurisdictional amount was not present for removal to the United States District Court, the plaintiff having specifically prayed for recovery of damages in the amount of $9,999.00.

11. On September 5, 1962, the defendants filed a motion to remove the case to the United States District Court for the Eastern District of North Carolina.

12. Plaintiff Robinson, respondent in this cause, moved, on September 5, 1962, to remand the case to the Superior Court of Nash County, North Carolina. The motion was filed September 7, 1962.

13. Respondent Robinson filed response to the petition for removal on September 7, 1962.

14. The motion to remand was heard September 11 and 14, 1962, in chambers at the United States Courthouse, Washington, North Carolina upon oral argument and briefs submitted.

## CONCLUSIONS OF LAW

From the foregoing facts the main question presented for determination is as follows: Was the motion to remove to the United States District Court timely made within the time limit imposed by Title 28 U.S.C. Section 1446? I think not.

In 1948 Congress enacted Title 28 U.S.C. § 1446. Section (b) of the statute is applicable to the action before this Court:

Section (b): "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The second paragraph of Section (b) is particularly pertinent to the facts in this case. The original action was not removable because the plaintiff's petition did not seek recovery of a sum in excess of $10,000.00.[2] On or about May 28, 1962, which was one hundred and ten days after answer, defendant petitioned the State court for permission to amend and counterclaim. The filing of the counterclaim on September 4, 1962 in the State court, and the filing of the petition to remove to the United States District Court on September 5, 1962, was the first instance that the jurisdictional amount was present in this action.

1. Affidavit of J. N. Sills, Clerk of Superior Court of Nash County, North Carolina. The affidavit was dated September 13, 1962.

2. Title 28 U.S.C. § 1332.

The authorities on the time limitations in Title 28 U.S.C. § 1446 are to the effect that the twenty day period may not be varied by the voluntary action nor excusable neglect on part of counsel nor enlarged by the Court in the exercise of discretion. Sunbeam Corp. v. Brazin, 138 F.Supp. 723 (E.D.Ky.1956); Lusk v. Lyon Metal Products, Inc., 9 F.R.D. 250 (W.D.Mo.1949).

In Sunbeam, supra, at page 725, the Court had the following to say about the twenty day time period:

"A petition for removal filed after the expiration of the 20-day period, referred to in the statute, is ineffectual to invoke the exercise of jurisdiction by the Federal Court to which removal is sought."

Peter Holding Co. v. LeRoy Foods, Inc. et al, 107 F.Supp. 56 (D.N.J.1952), held that the statutory period is an inflexible rule of law determining the time within which an application must be made, and the Court has no discretionary power to enlarge this period. Under the reasoning of the Peter case, the Federal Courts cannot permit removal if the statutory time has expired. The period of time is mandatory and is not subject to agreement between the parties. Once the period of time prescribed by the statute has elapsed, the question is settled and the Federal Court cannot keep the case.

The petitioner stresses the fact that the case did not become removable until Judge Paul's order was filed some time between August 16 and August 21, 1962. In Putterman v. Daveler, 169 F.Supp. 125 (D.Del.1958), a similar question was before the Court. The Court there held that where an action is originally brought in a State court but certain circumstances have changed and the action has become removable, such change of circumstances must have been brought about by the voluntary act of the plaintiff. If the petitioner were allowed to amend at any time without regard to the statutory time limit, it would be difficult to say with any degree of certainty where and when a certain action would be tried. Certainly, it was not the intent of Congress to give such unfettered discretion to the defendant. The orderly administration of justice repulses such a contention.

In United Artists Corp. v. Ancore Amusement Corp., 91 F.Supp. 132, 133 (S.D.N.Y.1950), the defendant amended and counterclaimed after the plaintiff's complaint was filed. On a motion to remand the Court used the following language:

"* * * None of the initial pleadings—the complaints in the four State court actions—sets forth a removable claim, and plaintiff has not served any amended pleading or other paper from which it can be ascertained that the case has become removable. What defendants are seeking to do is to create a right to removal by amending their own pleading so as to set forth a removable claim, and to do so after more than twenty days have elapsed since the service of the initial pleadings in which no removable claim was set forth. But they may not do this, for the statute authorizes only a defendant to remove a case from the State court, and then only upon the basis of a pleading setting forth a federal claim against himself, not a claim by himself. It is axiomatic that the jurisdiction of the federal district courts is strictly limited by statute, and the procedure by which jurisdiction is obtained must be strictly followed."

The respondent relies upon the case of Continental Carriers, Inc. v. Goodpasture, 169 F.Supp. 602 (M.D.Ga.1959). In that case the plaintiff sought a sum of $3,000.00 and the action, therefore, was one which was not removable. Forty-seven days later the defendant was allowed to amend by order filed by the Judge of Superior Court for Wilcox County, Georgia. In the amendment, defendant set up a counterclaim in excess

of the jurisdictional amount required by Title 28 U.S.C. § 1332. The Court in Continental Carriers said that even if the case had been a removable cause, the petition for removal was not timely because it was not filed until forty-seven days after the original petition. At page 604 the Court uses language pertinent to the present action. It said,

"The provision of the statute which provides for removal within 20 days after the cause first becomes removable contemplates amendments by the plaintiff which may make the case removable for the first time. Of course, this may come at any stage of the proceedings, but at least the defendant's right to a tardy removal stems from some act by the plaintiff and not from his own dilatory action. No case has been called to the attention of the Court nor come to the Court's attention during its extensive research of the problem, which has granted the defendant any such extension of the time for removal."

After a careful consideration of the authorities cited the Court is particularly impressed with the reasoning in the United Artists and Continental Carriers cases. The holdings in those two cases are in conformity with the intent of Congress when Title 28 U.S.C. § 1446 was enacted. The statute is to be strictly construed and all doubt resolved in favor of State court jurisdiction. There is much authority to the effect that if any doubt exists as to Federal Court jurisdiction, the case should be remanded.

This Court did not reach the question as to whether a counterclaim may be considered in determining the jurisdictional amount. A consideration of that question was unnecessary in the light of this opinion.

It is, therefore, ORDERED, ADJUDGED, and DECREED that this case be, and the same is hereby remanded to the Superior Court of Nash County, North Carolina.

It is further ORDERED that the Clerk of the United States District Court forthwith serve a copy of this ORDER personally, or by United States Mail, upon all counsel of record in this action.