424 P.2d 461

**William C. SMITHERMAN, Petitioner,**
v.
**SUPERIOR COURT IN AND FOR the
COUNTY OF PIMA, Respondent,**
and
**Roy J. Meyer, Real Party in Interest.**
**No. 2 CA–CIV 335.**

Court of Appeals of Arizona.
Feb. 24, 1967.

Rehearing Denied March 22, 1967.

Review Granted April 11, 1967.

Gentry, McNulty & Toci, Bisbee, Rees, Estes & Browning, by Donald Estes, Tucson, for petitioner.

R. Lamar Couser, Tucson, for real party in interest.

MOLLOY, Judge.

This court has issued a writ of certiorari to review an order of the superior court denying a change of venue in a malpractice action brought against a lawyer.

The defendant-attorney has his offices in Cochise County and the employment con-

tract between the plaintiff and the defendant was negotiated in that county. By reason of this employment, the defendant filed a civil action in the Cochise County Superior Court for the plaintiff against two defendants. One of these defendants succeeded in securing the dismissal of the action as to it and the other defendant caused the action to be transferred to the federal district court for the District of Arizona, the case being docketed in that branch of the court maintained at Tucson, Arizona.

This malpractice action is in two counts. The first count alleges negligence in failing to appeal from the order of dismissal in the Cochise County Superior Court as to one of the defendants. The second count alleges that after the removal of the action to the United States District Court, the defendant remained counsel of record for the plaintiff and was negligent in failing to request a jury trial and in agreeing to indefinitely postpone the trial of the action, which negligence the plaintiff alleges caused him to lose the right to a jury trial and to be "uncommonly delayed" in the prosecution of his suit.

This malpractice action was filed in the Superior Court in Pima County and within the time to answer the defendant filed a motion for change of venue, supported by affidavit that his residence was in Cochise County and "that the defendant's representation of the plaintiff * * * upon which the plaintiff's complaint is predicated, occurred in Cochise County, Arizona." Within five days after the filing of such motion for change of venue, the plaintiff secured, ex parte, an order of a judge of the superior court in Pima County extending the time to file opposition to the change of venue to a time eleven days after the filing of such motion for change of venue. Within the time so extended, the plaintiff filed an opposition to the motion for change of venue, supported by an affidavit of the plaintiff to which was attached a copy of a letter written by the defendant-attorney in which he indicated that he had " * * *

advised Judge Walsh [federal judge] in Tucson by telephone * * *" of an agreement to continue the pretrial hearing and trial dates of the plaintiff's pending action in the federal court pending an attempt at arbitration.

The first question raised on appeal is whether the order of the court extending the time to file an opposition to the motion for change of venue has any validity. A.R.S. § 12–404 provides in part:

"A copy of the affidavit [supporting motion for change of venue] shall be served upon plaintiff, and unless the affidavit is controverted under oath, within five days after service, the court *shall* order the action transferred to the proper county." (Emphasis added)

A.R.S. § 12–404, subsec. B.

On appeal, the plaintiff defends the order extending time as being authorized by Rule 6(b), Rules of Civil Procedure, reading in part:

"When by these *Rules* or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion:

"1. With or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; * * *." (Emphasis added)

16 A.R.S., Rule 6(b) (1), Rules of Civil Procedure.

Inasmuch as the time limit to respond to motion for change of venue is set by statute rather than by rule, the defendant contends that Rule 6(b) has no application, and that the trial court had no alternative but to transfer the instant action to Cochise County. Reliance is taken upon Lusk v. Lyon Metal Products, 9 F.R.D. 250 (W.D. Mo.1949), which holds that the federal counterpart of our Rule 6(b) does not apply to the time limit expressed in Section 1446 Title 28 U.S.C.A., for the filing of a peti-

tion to remove a civil action from a state to the federal court. The reading of *Lusk* indicates that the statutory limitation there involved was one determining the jurisdiction of the court:

"* * * I think the court is clearly without authority to extend the time and that the filing of a petition subsequent to twenty days after the service of the summons upon the defendant does not confer *jurisdiction* upon this court." (Emphasis added)

9 F.R.D. at 251.

We are here not concerned with a jurisdictional problem. Sil-Flo Corporation v. Bowen, 98 Ariz. 77, 402 P.2d 22 (1965); Goff v. Superior Courts, 2 Ariz.App. 344, 409 P.2d 60 (1965).

■ Statutes regulating the method of applying for and opposing a change of venue are procedural in nature. Bristow v. Nesbitt, 280 S.W.2d 957 (Tex.Civ.App. 1955); Gilmer v. Griffin, 265 S.W.2d 250 (Tex.Civ.App.1952); and see Sil-Flo Corporation v. Bowen, supra.

■ The power to adopt rules of procedure has been vested "exclusively" in the Supreme Court of this state. Arizona Podiatry Ass'n v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108, 110 (1966); Burney v. Lee, 59 Ariz. 360, 129 P.2d 308 (1942). To the extent that statutes have regulated the procedure in our courts, these statutes are valid only to the extent that they have been accepted as rules of court by our Supreme Court. Burney v. Lee, supra. That the legislature itself recognizes the supremacy of the judiciary in this area is indicated by the following statute:

"§ 12–111. Statutes as rules of court

"All statutes relating to pleading, practice and procedure *shall be deemed rules of court* and shall remain in effect as such until modified or suspended by rules promulgated by the supreme court."

(Emphasis added) A.R.S. § 12–111.

■ Accordingly, we see no essential difference between rules of procedure adopted by statute and those set forth in the Rules of Civil Procedure, insofar as Rule 6(b), supra, is concerned. We hold the order extending time to respond to the motion for change of venue to be valid.

The second question before this court is whether this action is one for a "trespass" occurring in Pima County so as to support venue in that county under subsection 10 of A.R.S. § 12–401, reading in part:

"When the foundation of the action is a * * * trespass for which an action in damages may lie, the action may be brought in the county in which the * * trespass was committed * * *."

A.R.S. § 12–401, subsec. 10.

■ Our Supreme Court has indicated that because this statute was adopted from the State of Texas we will accept the holding of Texas courts that the word "trespass" includes actions traditionally known as "actions of trespass on the case." Pride v. Superior Court, 87 Ariz. 157, 161, 348 P.2d 924 (1960). In Ellsworth v. Layton, 97 Ariz. 115, 397 P.2d 450 (1964), it was held that if any one of several counts of a complaint state a cause of action for a trespass occurring in a particular county the plaintiff has the option of bringing his action in such county. Under the holding of this decision, therefore, if count two states a cause of action for a "trespass" in Pima County, the order below was correct.

■ We have held that on special writ we would not override the decision of the trial court on a matter of venue unless the trial judge was clearly wrong in his decision. Williams v. Garrett, 4 Ariz.App. 7, 417 P.2d 378 (1966); Turner v. Superior Court, 3 Ariz.App. 414, 415 P.2d 129 (1966).

■ An action for malpractice falls within those for which an action for trespass on the case could have been brought in common law. Shipman on Common Law Pleading § 41, pp. 93–94. And see Brooks v. Hornbeck, 274 S.W. 162 (Tex.Civ.App. 1925).

The verified complaint in this action alleges that the defendant continued to represent the plaintiff in the civil action original-

ly filed for the plaintiff in Cochise County after it had been removed to the federal court. The letter of the defendant, which is attached to the plaintiff's opposition to motion for change of venue, seems to conclusively establish that such representation did continue.

The gravamen of the complaint in count two is that the defendant (1) failed to request a jury trial in the action so removed and (2) instructed the trial court to take the action off the trial calendar and to postpone the same indefinitely. The first such "act" of negligence is obviously one of omission while the second is one of commission.

In Texas, court decisions attempted to make a distinction between acts of misfeasance as opposed to acts of nonfeasance, the former being classified as a "trespass" and the latter not. The conception of this unfelicitous dichotomy is found in the decision of Brooks v. Hornbeck, 274 S.W. 162 (Tex. Civ.App.1925), which decision was officially blessed by the Texas Supreme Court in Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374 (1945). This distinction proved to be a fruitful source of appellate litigation in Texas,[1] and eventually resulted in 1953 in an amendment to the venue statute of Texas so as to add thereto the following language:

"Art. 1995. [1830] [1194] [1198] Venue, general rule

\* \* \* \* \* \*

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

5 Vernon's Civil Statutes of the State of Texas Annotated, Art. 1995, p. 71.

Perhaps part of the impetus for this legislative amendment were words in the decision of Gaines v. Bader, 253 S.W.2d 1014 (Tex.Civ.App.1952):

"\* \* \* what allegation is and what is not active rather than passive negligence is a distinction of an elusive nature.

\* \* \* \* \* \*

"Even in venue law, things equal to the same thing should be equal to each other. The same operation can usually be described positively or negatively. 'It is not night' is one way of saying 'It is day.' 'He drove his car too far to the right' is a variation of the statement, 'He failed to drive his car sufficiently to the left.'"

253 S.W.2d at 1015–1016.

---

1. Among the decisions splitting hairs between misfeasance and nonfeasance were the following: English v. Miller, 33 S.W. 2d 477 (Tex.Civ.App.1930), (doing loop-the-loops in an airplane is active, not passive, negligence); McCrary v. Coates, 38 S.W.2d 393 (Tex.Civ.App.1931), (driving a car into a streetcar through "failure \* \* \* to use proper care" is nonfeasance rather than misfeasance and therefore is not a "trespass"); Edwards v. Hawkins, 77 S.W.2d 1098 (Tex.Civ.App. 1935), (negligent operation of a car is a "trespass"); Odom v. Parker, 173 S.W. 2d 328 (Tex.Civ.App.1943), (failure to inspect and plug a gas line, which resulted in an explosion, is nonfeasance and therefore not a "trespass"); Sherrod v. Bird, 155 S.W.2d 422 (Tex.Civ.App.1941), (installing a gas heater improperly, resulting subsequently in an explosion, is not "active" negligence but rather "passive" and therefore not a "trespass"); Hardman v. Bertrand, 220 S.W.2d 363 (Tex.Civ.App. 1949), (giving orders in regard to the manner of "squeezing" an oil well is "active" negligence and therefore a "trespass"); Gaines v. Bader, 253 S.W.2d 1014 (Tex.Civ.App.1952), (negligent operation of truck is active negligence and therefore a "trespass").

We do not wish to lead our state into the same morass of nit-picking in which the Texas courts found themselves enmeshed for so many years. Regardless of whether the alleged negligence of the defendant-lawyer is to be classified as "nonfeasance" or "misfeasance," we hold that such alleged negligence has sufficient nexus with Pima County so as to authorize the filing of this action in the superior court situated in Pima County. As counsel of record for the plaintiff in this other action, the defendant had the duty to use reasonable skill and diligence in representing his client's interest in a courtroom situated in Pima County. His failure to so act would be a "trespass" against his client in Pima County, laying predicate for the venue of the action in the superior court situated in Pima County.

Not finding that the trial court abused his discretion in denying a charge of venue to Cochise County, we affirm the order entered below as to which certiorari was granted.

HATHAWAY, C. J., and KRUCKER, J., concur.