Frederick C. **JENNINGS** et ux.,
Plaintiffs,

v.

Kenneth **CANTRELL** et al.,
Defendants.

No. CIV-2-74-109.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 17, 1974.

E. G. Moody, Kingsport, Tenn., for plaintiffs.

Charles B. Lewis, Knoxville, Tenn., Walter O. Waddey, Frank B. Dodson, Kingsport, Tenn., for defendants.

### ORDER

NEESE, District Judge.

This diversity action was removed from a state court on July 19, 1974. 28 U.S.C. §§ 1441(a), 1446. Thereunder, the defendants were required to file their removal petition " * * * within thirty days after the receipt * * * " by them " * * * through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action * * * " is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is the shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading * * * from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The defendants assert in their removal petition that they " * * * received copies of the process and complaint on *or about* June 19, 1974. * * * " (Emphasis supplied.) Thus, it does not appear with certainty that the removal petition herein was filed within the requisite period of 30 days.

 The requirements of 28 U.S.C. § 1446(b) " * * * are to be strictly construed, as it is essential for removal that a proper allegation of fact be set forth in the petition [for removal] within the terms of that section. * * * " State of Alabama v. Robinson, D.C.Ala. (1963), 220 F.Supp. 293, 299[7]. The section will be strictly construed in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets (1941), 313 U.S. 100, 108–109, 61 S.Ct. 868, 872,

85 L.Ed. 1214, 1219 (headnote 4). " * * * 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' * * * " *Idem.* The removal of cases on the ground of diversity of citizenship for trial in a state court is in derogation of state sovereignty. See Shamrock Oil & Gas Corp. v. Sheets (1941), 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214, 1219 (headnote 4). The removal statute does not unequivocally favor removal, and there appears to be no controlling authority favoring removal. Viles v. Sharp, D.C.Mo. (1965), 248 F.Supp. 1019, 1023[3, 4]. It thus appears that this action was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c). Accordingly, it hereby is

Ordered that this action is remanded to the Law Court, Part II, at Kingsport, Tennessee, and that the costs of removal be taxed against the defendants.