John F. MEADOWS, et al., Plaintiffs,

v.

BICRODYNE CORPORATION, et al., Defendants.

David J. PETERSON and Dorothy Peterson, et al., Plaintiffs,

v.

BICRODYNE CORPORATION, et al., Defendants.

No. C–82–4975–WWS.

United States District Court, N.D. California.

March 28, 1983.

Lance S. Stryker, Melissa M. Lackman, San Francisco, Cal., for plaintiffs Meadows.

Robert W. Rychlik, Los Altos, Cal., for plaintiffs Petersons.

Richard Warren, Landels, Ripley & Diamond, San Francisco, Cal., Robert Rychlik, Danell, Haley & Rychlik, Los Altos, Cal., for defendants.

## ORDER

SCHWARZER, District Judge.

Plaintiffs renew their motion to remand this action to state court, asserting that defendants' removal petition was untimely filed. This assertion appears to be correct and will be assumed correct for the purposes of this motion. The question is whether plaintiffs waived this defect by failing to object to it when their motion to remand was first heard in October 1982 and by appearing in this Court both to defend against motions and to bring substantive motions of their own.

It is well established that a failure to remove within the thirty day time limit of 28 U.S.C. 1446(b) is a "waivable, nonjurisdictional defect." *Intercoastal Refining, Inc. v. Jalil,* 487 F.Supp. 606, 608 (S.D.Tex. 1980); *see Weeks v. Fidelity & Casualty Co. of New York,* 218 F.2d 503, 504 (5th Cir. 1955); *Green v. Zuck,* 133 F.Supp. 436, 438 (S.D.N.Y.1955); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3721 at 543–44 and cases cited therein (1976). Plaintiffs' multiple appearances in this Court are more than sufficient to amount to a waiver of any nonjurisdictional defect. *See, e.g., Intercoastal Refining, supra* (filing of jury demand); *Manas y Pineiro v. Chase Manhattan Bank,* 443 F.Supp. 418, 421 (S.D.N.Y.1978) (litigating merits of defendant's motion for summary judgment).

Plaintiffs argue that because an untimely removal is "improvident," *London v. United States Fire Ins. Co.,* 531 F.2d 257 (5th Cir.1976), a case which is untimely removed must be remanded pursuant to 28 U.S.C. § 1447(c) if the error is discovered at any time before final judgment. This argument ignores the plain language of § 1447(c): "If at any time before final judgment it appears that the case was removed improvidently *and without jurisdiction,* the district court shall remand the case ..." (emphasis added). The Court has jurisdiction over this case because the parties are of diverse citizenship. Since the untimeliness of the removal petition is not a jurisdictional but a procedural defect, section 1447(c) does not require that the case be remanded. "[A]ny case within the federal court's original or removal jurisdiction may be retained if a procedural error escapes plaintiff's timely objection." 14 Wright, Miller & Cooper, *supra,* at 544.

Plaintiffs' motion is accordingly denied.

IT IS SO ORDERED.