**Milton E. RAMPY, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant.**

No. 85–0754–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

Aug. 8, 1985.

On Amended Motion to Remand
Aug. 28, 1985.

Kirk Presley of Morris & Foust, Kansas City, Mo., for plaintiff.

Deborah Sue Doud, Southwestern Bell Telephone Co., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER DIRECTING FURTHER PROCEEDINGS

JOHN W. OLIVER, Senior District Judge.

This case pends on plaintiff's motion to remand the above case to the Circuit Court of Jackson County, Missouri where it was filed on April 8, 1985. Defendant's petition for removal filed pursuant to 28 U.S.C. § 1441(a) was not filed in this Court until July 2, 1985. Orders directing further proceedings will be entered so that the motion may be properly ruled in accordance with applicable law.

## II.

Plaintiff's State court petition for damages expressly alleged that "this cause of action arises out of a contract of employment" and that "the governing provisions of that contract are set forth in the 1983 labor agreements between the Communication Workers of America and Southwestern Bell Telephone Company." Specifically, plaintiff further alleged that "pursuant to Article XIX entitled Employment Terminations, plaintiff was entitled to receive a termination allowance in the sum of FORTY SIX THOUSAND EIGHT HUNDRED SEVENTY–TWO DOLLARS AND 00/100 ($46,872.00)" and that "on April 23, 1984, plaintiff was dismissed as an employee of

defendant and not for reasons of misconduct."

Count I of plaintiff's State court petition purports to allege a cause of action for breach of the collective bargaining agreement with a prayer for $46,872.00 actual damages. Counts II, III and IV of plaintiff's State court petition each incorporates and realleges all other allegations of plaintiff's State court petition and purports to allege separate State law causes of action, each of which allegedly sound in tort, and each of which pray for $100,000.00 actual damages and for $1,000,000.00 punitive damages.

■ Plaintiff's suggestions in support of his remand motion, concede, however, as plaintiff must, that all of his alleged "rights arise out of a collective bargaining agreement." Plaintiff's argument in support of remand based on *Westinghouse Salaried Employees v. Westinghouse Electric Corp.*, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510 (1955), is obviously untenable. In *Smith v. Evening News Assn.*, 371 U.S. 195, 199 and 200, 83 S.Ct. 267, 269 and 270, 9 L.Ed.2d 246 (1962), the Court stated that "subsequent decisions here have removed the underpinnings of *Westinghouse* and its holding is no longer authoritative as a precedent" and that the "concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the cover of § 301 has thus not survived." *See also Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 700, 86 S.Ct. 1107, 1110, 16 L.Ed.2d 192 (1966), in which the Court again stated that the views expressed in *Westinghouse* had been rejected in *Evening News Assn.*

*Allis-Chalmers Corp. v. Lueck*, —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206, decided April 16, 1985, is the latest Supreme Court case holding that § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), preempts all State law tort actions which derive from the rights and obligations established by a collective bargaining agreement. That case also held that regardless of whether a § 301 action was maintained in either a State court or in a

federal court, all grievance proceedings, including provision for arbitration, must, as a matter of federal law, be followed in accordance with the provision of the collective bargaining agreement. *See Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), in which the concurrent § 301 jurisdiction of State and federal courts was recognized. *See also Republic Steel v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), for a case in which a severance pay claim was held to be within the scope of § 301 and that plaintiff was required to follow the grievance procedures of the collective bargaining agreement which included arbitration of his claim. And *see also Avco Corp. v. Aero Lodge 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), which establishes that a defendant may remove to federal court any § 301 case that may have initially been filed in State court.

If this case did not present any additional questions, plaintiff's motion to remand would be denied without further discussion. Other questions, however, are presented in this case.

### III.

The files and records in the case establish that two additional questions are presented in regard to (a) whether the defendant filed a timely petition for removal and (b) whether plaintiff, by his failure to raise that question in his motion to remand, intended to waive the apparent timeliness defect in the filing of defendant's petition for removal.

The State court records show, as above stated, that plaintiff's petition for damages was filed in State court on April 8, 1985. Those records also show that defense counsel entered their appearance in State court on behalf of the defendant on May 9, 1985. On May 10, 1985, a joint stipulation, executed by counsel for both parties, was filed in the State court case. That stipulation provided among other things that the time to answer or otherwise respond to plaintiff's petition was extended 45 days from May 19, 1985.

On July 2, 1985 defendant filed an answer in State court and on the same day filed its petition for removal in this Court. It would thus appear that defendant's petition for removal apparently was not filed within the time provided in 28 U.S.C. § 1446(b). For Section 1446(b) provides in relevant part that:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

29 Fed Proc, L.Ed § 69:75, p. 564, entitled "Time requirement as mandatory" states the following:

The time requirement is mandatory. It must be strictly complied with and will be strictly or narrowly construed. Thus, for example, a removal petition which recites that defendants received copies of process "on or about" a certain date does not show with the requisite certainty that the petition has been filed within the 30-day period; accordingly, the petition will be remanded. Failure to file for removal in time precludes such filing at any subsequent stage of the proceedings. In other words, failure to file a petition for removal within the statutory period constitutes a waiver of the right to remove.

Paragraph 14A, Wright-Miller-Cooper *Federal Practice and Procedure*, § 3732, p. 527–30 states that:

The time limitations in Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6. They will not be extended by continuances, demurrers, motions to set aside service of process, pleas in abatement, *stipulations*, or court orders,

although a delay following the motion will be tolerated. (Emphasis ours).

It is clear that the time provided for removal in Section 1446(b) could not be extended by any stipulation filed in State court.

Unless there is some explanation which is not apparent from the record now before the Court, it would appear that the defendant, in fact, failed to file its petition for removal within the period of time provided by law and that the case should be remanded to State court. But that is not the end of the matter.

For *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 273 (7th Cir. 1982), states familiar principles applicable to removal as follows:

> Removal must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first. 28 U.S.C. § 1446(b). While the time limitation imposed by § 1446(b) is not jurisdictional, *Ryan v. State Board of Elections of the State of Illinois* [ (7th Cir.1981) ], *supra,* 661 F.2d at 1134; *Perrin v. Walker,* 385 F.Supp. 945, 947 (E.D.Ill.1974); *see Ayers v. Watson,* 113 U.S. 594, 598, 5 S.Ct. 641, 642, 28 L.Ed. 1093 (1885), it is a strictly applied rule of procedure and untimeliness is a ground for remand *so long as the timeliness defect has not been waived.* (Emphasis ours).

The second question above stated is therefore put in focus, namely, whether plaintiff, by failing thus far to even mention the question, intended to waive the apparent timeliness defect in defendant's petition for removal. This Court can well understand why a party litigant in a § 301 case would want to waive a timeliness defect in a removal petition in order to have the case, which is governed by federal law regardless of where it may pend, tried in a federal rather than a State court for the reason that federal courts are much more experienced in processing § 301 cases than are State courts.

The fact, however, that plaintiff in his suggestions in support of his motion to remand has failed to recognize the full scope of § 301 as controlled by federal law, and the fact that plaintiff has filed a motion to remand to State court does not support a finding that plaintiff actually intended to waive the apparent timeliness defect in defendant's petition for removal.

It should further be noted that defendant's petition for removal did not contain any allegation whatsoever as to whether its petition for removal was timely filed. *See Jennings v. Cantrell,* 392 F.Supp. 563 (E.D.Tenn.1974), in regard to the necessity for such an allegation. This Court must therefore recognize that it is entirely possible that plaintiff did not recognize that a timeliness question might be presented under the circumstances of this case.

At any rate, we have concluded that it is appropriate that orders should be entered that require the parties to state their respective positions so that the pending motion to remand may be ruled in accordance with applicable law.

## IV.

Accordingly, it is

ORDERED (1) that plaintiff is granted leave to file on or before August 15, 1985 either an amended motion to remand or a response to this order of Court which will expressly waive any timeliness defect that may exist in regard to the filing of defendant's motion to remand.

If plaintiff did not intend to waive the apparent timeliness defect above discussed, he shall file an amended motion to remand which shall state with particularity the factual circumstances in regard to that question.

In the event that plaintiff intended to and now wishes to waive the apparent timeliness defect in regard to defendant's petition for removal, he shall file an appropriate response to this order which shall expressly state that the apparent defect is waived and that plaintiff wishes to withdraw his pending motion to remand. It is further

ORDERED (2) that defendant shall on or before August 21, 1985 file an appropriate response to the filing that plaintiff may make pursuant to Order (1) above.

In the event plaintiff files an amended motion to remand in which the apparent timeliness defect in the filing of defendant's petition for removal is raised, defendant's response to that amended motion shall show cause why, as a matter of fact and as a matter law, plaintiff's amended motion to remand should not be granted on the sole ground that defendant's petition for removal was not timely filed within the period provided in Section 1446(b).

## ON AMENDED MOTION TO REMAND

### I.

This case now pends on plaintiff's amended motion to remand filed August 17, 1985 pursuant to the orders directing further proceedings entered by this Court on August 8, 1985. We have considered that motion, the suggestions filed in support, and the defendant's suggestions in opposition filed August 21, 1985. We find and conclude that defendant's amended motion to remand should be granted for the reasons we now state.

### II.

The undisputed factual circumstances in regard to the timeliness of defendant's petition for removal were stated in our August 8, 1985 memorandum and need not be repeated. It should be added, however, that defendant does not in any way put in issue paragraph 4 of plaintiff's verified amended motion to remand which stated "[t]hat at no time during the discussion with defendant's counsel concerning the stipulation did the question of removal ever arise."[1] Rather, counsel for the defendant contend that the stipulation extending defendant's time to answer or otherwise respond to plaintiff's State court petition "can reasonably be construed to extend the time within which the petition for removal could be filed and considered timely." Defendant candidly states, however, that it is "well aware of case law stating a mere stipulation to 'answer or otherwise re-

1. The stipulation filed in State court the day after defense counsel entered their appearance on behalf of the defendant provided the following in its entirety:

JOINT STIPULATION

COME NOW Milton E. Rampy, plaintiff, and Southwestern Bell Telephone Company, defendant, by and through their attorneys, and enter into this joint stipulation and agreement as follows:

1. Plaintiff and defendant jointly stipulate and agree to enlarge the time within which Southwestern Bell may answer or otherwise appropriately respond to plaintiff's petition herein. Pursuant to this stipulation and agreement, defendant Southwestern Bell Telephone Company may, without risk of default judgment, and without waiving any defenses or objections, including but not limited to jurisdiction or venue, appropriately respond to plaintiff's petition herein no later than 45 days following May 19, 1985, the date prescribed by Mo.Rule 55.25 by which defendant must answer or otherwise respond.

2. The parties stipulate and agree that defendant's responses to plaintiff's first interrogatories and first request for production of documents herein shall be considered timely filed if provided to plaintiff within 20 days after defendant answers or otherwise responds to plaintiff's petition herein, without

the necessity of defendant obtaining a protective order, unless otherwise later provided by order of this court.

3. The parties stipulate and agree that certain depositions currently scheduled to occur on May 29, 1985, will be rescheduled following defendant's answer or other response to plaintiff's petition herein, at a mutually agreeable date, without the necessity of defendant obtaining a protective order, unless otherwise later provided by order of this court.

4. The parties stipulate and agree that responses to any additional discovery that may be filed before defendant answers or otherwise responds to plaintiff's petition herein shall be considered timely if responded to within the time provided by the applicable Missouri Rules of Court, or 20 days following defendant's response herein, whichever is later.

WHEREFORE, it is the parties' express purpose to enter into this joint stipulation and agreement, which is entered into in good faith and with the intent to be jointly binding on both parties.

Plaintiff filed its original motion to remand on July 19, 1985, shortly after the case was removed to this Court on July 2, 1985, and before filing any other pleading or taking any action of any sort in federal court.

spond' is insufficient to enlarge the time within which a defendant may remove a case to federal court."

Defendant nevertheless argues that "the stipulation signed by the parties here is much broader than an agreement to answer out-of-time" and that the language used in the stipulation "reasonably contemplates an objection to the jurisdiction of the state court, which would include a petition for removal." We disagree.

If anything, the stipulation could be said to contemplate that the defendant did not intend to remove the case to federal court at the time that stipulation was executed. For the stipulation reflected the parties' agreement that certain depositions that were then scheduled to be taken on May 29, 1985 "will be rescheduled following defendant's answer or other response to plaintiff's petition herein." The long and the short of it is that neither the stipulation nor discussions that led to the execution of the stipulation ever attempted to reflect an agreement on plaintiff's part that plaintiff would not raise any question about the timeliness of any petition for removal that defendant might file.

*Transport Indemnity Co. v. Financial Trust Co.*, 339 F.Supp. 405 (C.D.Cal.1972), involved factual circumstances substantially similar to those presented in this case. That court concluded that the parties' stipulation in that case could not "reasonably be interpreted as containing ... an agreement by Plaintiff's counsel that [he] would not object to removal to the Federal Court if defense counsel later decided to remove the case" and that the "failure of a defendant to move for removal within the thirty-day period is equivalent to a decision not to remove."

The following statement from *Transport Indemnity Co.* is applicable to this case:

> One can imagine a case in which defense counsel, just prior to the end of the statutory thirty-day period, had made the determination to remove the case and, finding himself pressed for time, communicates that fact to Plaintiffs' counsel *and obtains from Plaintiffs' counsel a specific agreement that the latter*

*would not object to the removal petition on timeliness grounds if defense counsel was a few days late in filing it.* That might well constitute a true estoppel because defense counsel has reasonably relied to his detriment on the representation of his opponent. But that is not the instant case. There was no such reliance. Any unilateral reliance by defense counsel was unreasonable. (Emphasis ours).

■ We are satisfied that a defendant may not rely upon any stipulation extending the time to answer or respond to a complaint filed in State court as a waiver unless such a stipulation contains the sort of specific agreement mentioned in the hypothetical stated by Judge Hill in *Transport Indemnity Co.*

■ The cases cited by the defendant to support the notion that the plaintiff somehow waived the 30-day requirement of Section 1446(b) simply do not support defendant's argument. *Meadows v. Bicrodyne Corp.*, 559 F.Supp. 57 (N.D.Cal.1983), was based in large part on plaintiff's action in appearing in federal court after removal "both to defend against motions and to bring substantive motions of their own." *Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983), involved a case in which no motion to remand was ever filed. Judge Mansfield's opinion in *Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y.1968), granted a motion to remand and set forth in detail the circumstances which may not properly be considered a waiver on a plaintiff's part.

*Transport Indemnity Co.* followed and applied *Maybruck* and quoted the following from Professor Moore's treatise on Federal Practice: "Removal proceedings are in the nature of process to bring the parties before the federal court; and mere modal or procedural defects are not jurisdictional. (citations) The limitation on the time for removal is not jurisdictional but is merely a formal and modal requirement which may be waived, or to which an objection may be precluded by estoppel. (citations) Under the prevailing view, a stipulation of the parties (citations) extending the time to answer, move or otherwise plead does not

extend the time for removal." *Transport Indem., supra,* 339 F.Supp. at 407.

Professor Moore's statement of the applicable rules is consistent with the statements of the applicable rules which we quoted from 29 Fed.Proc., L.Ed § 69:75, p. 564, and 14 A Wright-Miller-Cooper, *Federal Practice and Procedure,* § 3722, p. 527–30, in our August 8, 1985 memorandum opinion.

We obviously agree with Professor Moore's statement of the rules as quoted in *Transport Indemnity Co.* and with the cases cited in paragraph 0.168 [3.–5–8] 1A, *Moore's Federal Practice,* p. 603, n. 1. We therefore find and conclude that the defendant's failure to file its petition for removal within the 30-day period must be considered as equivalent to a decision on its part not to remove the case to federal court. Defendant's subsequent change of mind is therefore ineffective.

### III.

Defendant also argues that although "the parties did not include in the joint stipulation language specifically waiving the time limit in § 1446," this Court should nevertheless conclude that "plaintiff has by his consent to a very broad stipulation enlarging time, and subsequent failure to raise timeliness on his own motion, established a waiver of this procedural requirement." We disagree.

■ Plaintiff's failure to raise the timeliness question apparent on the face of the pleadings in his original motion to remand is no more legally significant than defendant's failure to have included a statement that removal was timely under Section 1446(c) in its removal petition, as proper pleading required. *See* 32B Am Jur 2d, *Federal Practice and Procedure,* § 2485, p. 247, for a checklist of items to be included in a removal petition. *See also Jennings v. Cantrell,* 392 F.Supp. 563 (E.D. Tenn.1974), which we cited in our August 8, 1985 memorandum opinion.

■ Defendant's argument that an original motion to remand which fails to raise the timeliness of a removal petition should be considered a "failure to raise an affirm-ative defense" within the meaning of the waiver provisions of Rules 8(c) and 12 of the Federal Rules of Civil Procedure is not supported by reason or any legal authority. *Cf. Lusk v. Lyon Metal Products,* 9 F.R.D. 250 (W.D.Mo.1949), in which Judge Duncan of this Court held that Rule 6(b) could not be utilized to extend the time period for removal on the ground of "excusable neglect."

### IV.

For the reasons stated, it is

ORDERED (1) that plaintiff's amended motion to remand should be and the same is hereby granted. It is further

ORDERED (2) that the Clerk shall prepare the proper papers under which this case shall be remanded to the Circuit Court of Jackson County, Missouri from which it was removed.