486 P.2d 791

**In re MARICOPA COUNTY APPEAL NO. J–68100, Petitioner,**

**v.**

**The Honorable Levi Ray HAIRE, Chief Judge, Division One of the Court of Appeals, and Classie Gantt, Clerk of the Court of Appeals, Division One, Respondents.**

**No. 10457.**

Supreme Court of Arizona,
In Banc.
June 30, 1971.

Richard T. Treon, Phoenix, for petitioner.

William G. Stinson, Phoenix, for respondents.

LOCKWOOD, Justice:

This action comes before us by Special Action wherein the petitioner requests this Court to order the Court of Appeals "to process Appeal No. J–68100 without a filing fee and on review of the order of the Juvenile Court [of Maricopa County] of July 29, 1970."

· The petitioner is the grandmother of a five year old girl who is now in the jurisdiction of the Juvenile Court of Maricopa County, Arizona. The minutes of the juvenile court reflect that a petition was filed in that court on June 4, 1970 alleging that the child was a dependent child in need of the care and protection of the court; that a hearing was held at which evidence was received; that the court found that the child was in need of the care and protection of the court as a ward, and therefore the court ordered that the child remain a ward of the court committed to the care, custody and control of the Maricopa County Department of Public Welfare for supervision and planning.

The petitioner was a party to and present at the hearing at which said order was entered. She filed a notice of appeal, and a cost bond, and the record was transmitted to the Court of Appeals. The Court of Appeals by a letter from the Clerk thereof notified the petitioner that a filing fee of $25.00 was payable within thirty days from the date of the notice, and also that the Court of Appeals raised the issue as to whether the order of July 29, 1970 which is the subject of the appeal, must be in writing, signed by the judge and filed, before the appeal can be taken.

The questions presented for our consideration are (1) whether the Court of Appeals may require a filing fee of $25.00 in an appeal from an order of the Juvenile Court, and (2) whether an order of the Juvenile Court, to constitute an appealable order, must be in writing, signed by the judge and filed, before the appeal can be taken.

Prior to 1970, there was no provision for taking an appeal from any action of the Juvenile Court. However, in 1970, the Legislature repealed the existing Juvenile Code, and by Chapter 223, Laws of 1970, set up a new Juvenile Code which included a provision for appeals. This provision reads as follows:

"A. *Any aggrieved party may appeal from a final order of the juvenile court to the court of appeals in the same manner as any other appeal from the superior court* except the name of the child shall not appear in the record of the appeal, the juvenile court record number assigned to that case substituting therefor.

"B. The order of the juvenile court shall not be suspended or the execution thereof stayed pending the appeal except the appellate court may, by order suspend or stay the execution thereof provided suitable provision is made for the care and custody of the child.

"C. *The court of appeals shall give the appeal precedence over all other actions except extraordinary writs or special actions.*

"D. The presiding judge of the juvenile court shall appoint an attorney for an indigent party appealing a final order of the juvenile court and a reasonable sum shall be fixed by the court to be paid by the county to such attorney for the appeal, which sum shall not exceed two hundred dollars." (Emphasis supplied.)

There are two types of appeals, civil and criminal. The appellant from a judgment or order of the Superior Court in a civil action is required to pay to the Clerk of the Supreme Court a filing fee of $25.00. A. R.S. § 12–321. In a criminal appeal if an appellant is unable to pay, the Clerk of the Supreme Court shall file the record on appeal without charge. There are other differences in procedure for the two types of appeals, which are not relevant here. The Legislature in granting the right to appeal from a final order of the juvenile court, did not designate whether the appeal was in the civil or criminal category.

The jurisdiction of the Superior Court acting as a Juvenile Court is found in § 15 of Article 6 of the Arizona Constitution. This is exclusive, original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years.

This Court has always regarded the procedure in Juvenile Court as non-criminal regardless of its jurisdiction to deal with children accused of crime. Application of Gault, 99 Ariz. 181, 407 P.2d 760; 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (Reversed on other grounds); Arizona State Dept. of Public Welfare v. Barlow, 80 Ariz. 249, 296 P.2d 298.

It is obvious that the Legislature did not consider the proceedings in Juvenile Court under Chapter 223, supra, to be criminal in nature, since Chapter 223, § 8-207 (reenacting in essence former A.R.S. § 8-228), provides that an order of the Juvenile Court in proceedings under said chapter are not to be deemed a conviction of crime or to impose any civil disabilities ordinarily resulting from a conviction.

Pursuant to the constitutional authority in Article 6, § 5(5) this Court may promulgate rules governing appeals for the guidance of the various juvenile courts, attorneys and those involved in juvenile matters. Pending the promulgation of these rules, however, it is necessary that we dispose of the present matter on an ad hoc basis.

It is the opinion of the Court that the present matter is not in the nature of a criminal proceeding. Therefore in the absence of specific rules regarding appeals from juvenile court orders, the Rules of Civil Procedure apply, and the Court of Appeals properly required a filing fee as in other civil matters.

Prior to the enactment of Chapter 223, supra, since there was no appeal from a juvenile court order (save for a review by special writ), there was no need for compliance with the requirement of Rule 73, B, Rules of Civil Procedure, which requires that a final order of the court shall be in writing and signed by the judge before an appeal can be taken. However, we see no reason why this rule should not obtain now that Chapter 223 has granted a right of appeal in juvenile court cases. Therefore the appeal in this particular matter, if not based upon a written order signed by the judge and filed would be premature. The relief prayed for in the Special Action is therefore denied.

STRUCKMEYER, C. J., and HAYS, V. C. J., UDALL, and CAMERON, JJ., concur.