· 506 P.2d 1033

**MARICOPA COUNTY JUVENILE NO. 71257, Petitioner,**

**v.**

**Allen COOK, Director, State Department of Corrections, and John McFarland, Superintendent, Arizona State Industrial School; COURT OF APPEALS, DIVISION ONE, and the Judges thereof, Real Parties in Interest, Respondents.**

**No. H–636.**

Supreme Court of Arizona.

March 9, 1973.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

Moise E. Berger, Maricopa County Atty., by C. O. Lamp, Deputy County Atty., Phoenix, for respondents.

PER CURIAM.

The public defender of Maricopa County, on behalf of the juvenile in No. 71257, petitioned this court for the issuance of a writ of habeas corpus. After hearing, the court accepted jurisdiction of the matter, waived the requirement of a filing fee, and proceeded to treat the matter as a petition for special action.

The petitioner alleges that the Court of Appeals, having declined to accept his application to proceed as an indigent, has effectively denied him his right to appeal from the order of the Superior Court committing him to the State Department of Corrections. With this position we agree. The indigent status of the juvenile was clearly shown.

We find no conflict between this holding and our holding in Maricopa County Appeal No. J–68100 v. Haire, 107 Ariz. 309, 486 P.2d 791 (1971). In the case at hand, we are concerned with an allegedly delinquent juvenile who cannot be deprived of due process by reason of his failure to pay a filing fee. In the *Haire* case, *supra*, the petitioner was the grandmother of a five-year-old girl who was made a ward of the court and committed to the custody, care and control of the Welfare Department. It is quite apparent that the Rules of Civil Procedure must apply to such an appeal, and the civil filing fee is required. There was no showing of indigency; the issue was not raised.

We are aware that in the future juvenile appeals may be filed wherein the distinction between our present case and the *Haire* case, *supra*, cannot be so clearly drawn.

These cases must be examined by the Court of Appeals or this court on an ad hoc basis to determine if a filing fee should be required after there has been a proper showing of indigency by the appellant.

It is ordered that the Court of Appeals accept the filing of this juvenile appeal without filing fee.