513 P.2d 988

Kimball Alexander WEBB, Petitioner,

v.

The Honorable C. Kimball ROSE, Judge of the Superior Court In and For Maricopa County; and David H. Campbell, Superintendent of the Motor Vehicle Division, Arizona Highway Department, State of Arizona, Respondents.

No. 1 CA–CIV 2435.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 11, 1973.

Arrick & Ball, Phoenix, by Richard T. Ball, Phoenix, for petitioner.

Gary K. Nelson, Atty. Gen., by Donald O. Loeb, Asst. Atty. Gen., for respondent-real party in interest David H. Campbell, Superintendent of the Motor Vehicle Division, Arizona State Highway Dept.

## OPINION

STEVENS, Judge.

On 2 May 1973 David H. Campbell, the Superintendent of the Motor Vehicle Division of the Arizona Highway Department, through his authorized representative, without a hearing, revoked the driver's license of Kimball Alexander Webb, the petitioner herein. Webb was then under the age of 18 years. Webb promptly demanded a Highway Department hearing which was denied. Webb filed a special action in the Superior Court seeking to compel the granting of a Highway Department hearing. The Superior Court ruled adversely to his contentions. Rule 8 of the Special Action Rules, 17 A.R.S., relates to appeals from a decision of the Superior Court in a special action. Rule 8(a) states in part:

" * * * Where there is no equally plain, speedy, and adequate remedy by appeal, a judgment in a special action in a Superior Court may be reviewed by a special action *directed against the original defendants*." (Emphasis added).

Falling within the last portion of the foregoing quotation, Webb sought special action relief in the Court of Appeals.

The record discloses that a delinquency petition was filed in the Juvenile Court alleging that Webb committed an act amounting to vehicular manslaughter, the delinquency petition citing among other statutes A.R.S. § 13–456, subsec. A, par. 3(a). Webb admitted the act. The factual details of this occurrence are not set forth in the record. At the disposition phase of the Juvenile Court proceedings he was placed on probation. Thereafter the Highway Department was advised as to the totality of the Juvenile Court proceedings.

Without notice and without a hearing, the Highway Department issued its 2 May 1972 order revoking Webb's driver's license, the order reciting that he had been convicted of manslaughter resulting from the driving of a motor vehicle. Webb promptly requested a hearing which was denied. The letter of advice stated that the denial was based upon the fact that Webb "was convicted of Vehicular Manslaughter by Maricopa County Superior Court." It is to review this action denying him a hearing that Webb pursued his request for relief by special action.

Prior to 1970 A.R.S. § 8–228, subsec. A provided in part:

" * * * An adjudication by the juvenile court shall not be deemed a conviction, nor shall a child be charged with or convicted of a crime in any court, except where the juvenile court refuses to suspend criminal prosecution."

This mandate was carried forward in the 1970 extensive revisions of the Juvenile Code as A.R.S. § 8–207, subsec. A which reads as follows:

"A. An order of the juvenile court in proceedings under this chapter shall not be deemed a conviction of crime or impose any civil disabilities ordinarily resulting from a conviction or to operate to disqualify the child in any civil service application, or appointment."

Also in the Juvenile Code enacted in 1970 we find A.R.S. § 8–232 which relates to traffic offenses. Subsection D, par. 6 specifies that such offenses may be transferred to the adult court. Subsection E requires that when traffic offenses have been processed to their completion in the Juvenile Court there shall be sent to the Department of Motor Vehicles "a copy of the citation with findings and disposition." It is this record which was forwarded to the Highway Department by the Juvenile Court which is the basis of the order of revocation, which order of revocation classifies the Juvenile Court disposition as a conviction in the Maricopa County Superior Court.

In 1965 A.R.S. § 28–1061 was enacted and subsection G thereof requires that the Juvenile Court report offenses to the Highway Department. The reporting requirement was carried forward in the 1972 amendment.

Motor vehicular manslaughter can involve unlawful acts not amounting to a felony with gross negligence; or lawful acts which might produce death in an unlawful manner with gross negligence; or, unlawful acts not amounting to a felony without gross negligence. A.R.S. § 13–456. Even the most flagrant offense falling within the definition of a vehicular manslaughter can be adjudged to be either a felony or a misdemeanor. A.R.S. § 13–457. The present statutes as to vehicular manslaughter were enacted in 1957.

In 1959 A.R.S. § 28–445 was amended to specify that:

"The department shall * * * forthwith revoke the license of an operator or chauffeur upon receiving a record of the operator's or chauffeur's *conviction* of any of the following offenses, *when the conviction has become final*:

1. Manslaughter resulting from the operation of a motor vehicle." (Emphasis added).

In 1969 A.R.S. § 28–446 was amended and we quote therefrom:

"A. The department is authorized to suspend the license of an operator or chauffeur * * * upon a showing by the department's records or other sufficient evidence that the licensee:

1. Has committed an offense for which mandatory revocation of license is required upon conviction.

\*      \*      \*      \*      \*      \*

B. Upon suspending the license of a person * * * the department shall forthwith notify the licensee in writing and upon his request shall afford him an opportunity for a hearing * * * At the hearing the department shall either rescind its order of suspension or * * * good cause appearing therefor, may uphold or extend the order, revoke the license or make any order within its discretionary power under this section which is in the interest of public safety."

The action of the Highway Department which was taken on 2 May 1973 indicates that the Highway Department treated the Juvenile Court proceedings as a "conviction" and then applied the mandatory revocation provisions contained in A.R.S. § 28–445. The trial court upheld this action.

■ Arizona's Constitution establishes a separate classification for persons under the age of 18 years who violate the criminal statutes of this State. Section 15 Art. 6, Arizona Constitution, A.R.S. This constitutional provision is supplemented by statutory law. It is clear that a final disposition of a delinquency matter by the Juvenile Court does not constitute a "conviction" and the Highway Department cannot,

without more, construe such a disposition so as to bring into play the mandatory revocation features of A.R.S. § 28–445. On the other hand, the Juvenile Courts are required to report fully to the Highway Department and the Highway Department is then free to suspend the juvenile's license or after a hearing make a factual determination independent of the Juvenile Court action imposing appropriate sanctions with reference to the license of the juvenile. The apparent prohibition against the use of a Juvenile Court disposition which is contained in A.R.S. § 8–207, subsec. A is modified with reference to traffic offenses by reading in conjunction with said section the reporting requirements of A.R.S. § 8–232, subsec. E and A.R.S. § 28–1061, subsec. G. Upon the receipt of the reports from the Juvenile Court the Highway Department is authorized to act pursuant to A.R.S. § 28–446 with the limitation that the Highway Department may not suspend the license for a period exceeding six months and must give notice of its action. In the event that there is a factual hearing following the notice of suspension, and if the facts warrant such action, the Highway Department may then revoke the license. We do not find any constitutional problems. In our opinion the entire matter lies within the determinations made by the Arizona Legislature in its statutory enactments.

■ The issuance of the mandate in relation to this opinion will constitute a directive to Superintendent Campbell to vacate the 2 May 1973 order of revocation and to grant to Webb the hearing which he requested.

OGG, Acting P. J., and EUBANK, J., concur.