540 P.2d 642

**In the Matter of APPEAL IN PIMA COUNTY, JUVENILE ACTION NO. J–46735, Petitioner,**

**v.**

**The Honorable Lawrence HOWARD, Chief Judge, Division Two, of the Court of Appeals, and Elizabeth Urwin Fritz, Clerk of the Court of Appeals, Division Two, Respondents.**

**No. 12136.**

Supreme Court of Arizona,
En Banc.

Sept. 23, 1975.

Louis L. Deckter, Tucson, for petitioner.

Bruce E. Babbitt, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for respondents.

HAYS, Justice:

■ We accepted jurisdiction of this petition for special action to determine whether an order to an indigent natural parent to pay the filing fees and transcript preparation costs in her appeal from a juvenile court ruling that her children were dependent, violates her constitutional rights.

After a hearing, the juvenile court declared the petitioner's children dependent and transferred legal custody to the Department of Economic Security. A motion for leave to proceed on appeal in forma pauperis was granted. Notice of appeal was filed.

The Clerk of the Court of Appeals then ordered the petitioner to pay the filing fees. The Court of Appeals ordered that the transcripts of the dependency hearings be prepared and forwarded, and further ordered that the cost of this preparation be paid by the petitioner. She filed a petition for special action with this court.

Insofar as a jurisdiction provides appellate review of criminal cases, that review must not be denied to some on account of their poverty. *Griffin v. Illinois*, 351 U.S.

12, 76 S.Ct. 585, 100 L.Ed. 891 *reh. denied,* 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480 (1956). Arizona has provided an appellate procedure in juvenile court cases. Rule 24, Rules of Procedure for the Juvenile Court.

This court has held that the Court of Appeals effectively denied a juvenile his right to appeal by denying him the right to proceed as an indigent. *Maricopa County Juvenile No. 71257 v. Cook,* 109 Ariz. 139, 506 P.2d 1033 (1973). In that case, we predicted future juvenile appeals in which the distinction between essentially criminal and essentially civil cases could not be clearly drawn. This is such a case.

The right to custody and control of one's children has long been recognized as a fundamental one. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The individual's right not to be deprived of a fundamental constitutional grant without due process of law extends to temporary deprivations as well as to those which are permanent. Therefore, we reject the State's contention that this intrusion on a constitutionally protected right is permissible because it is only temporary.

Because the right to raise one's children is fundamental, any proceeding by the State to deprive a person of that right must take place under the aegis of the equal protection and due process clauses of the Fourteenth Amendment. Therefore, the Court of Appeals cannot deny the petitioner her statutory right of appeal solely because of her indigency.

Relief granted. The Court of Appeals is ordered to proceed with the appeal in a manner consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.

GORDON, J., did not participate in the determination of this matter and retired LOCKWOOD, J., sat in his stead.