549 P.2d 580

**In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. JS–834.**

**No. 1 CA–JUV 42.**

Court of Appeals of Arizona,
Division 1,
Department B.
May 13, 1976.

Moeller & Henry by Jack L. Phelps, Phoenix, for appellant mother.

Charles S. Pizzo and Alan E. LoBue, Phoenix, for appellant father.

Bruce E. Babbitt, Atty. Gen. by Joseph C. Richter, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

This is an appeal from a written order of the Juvenile Court of Maricopa County terminating the parental relationship between the natural parents and the minors involved herein.

The basic issue raised is whether the statutory provisions or the Rules of the Ju-

venile Court control the appeal from such an order. This opinion is being issued at this time on the court's own motion as a result of the court's examination of the record to determine whether it has jurisdiction. Our preliminary examination indicating that this court lacked jurisdiction was brought to the attention of counsel, and the written views of counsel were solicited and obtained. *Van Baalen v. Superior Court, County of Maricopa,* 19 Ariz. App. 512, 508 P.2d 771 (1973); *Howard P. Foley Co. v. Harris,* 4 Ariz.App. 294, 419 P.2d 735 (1966).

The record in this matter indicates that on October 20, 1975, the Juvenile Court entered a minute order terminating the parental relationship with findings. On November 7, 1975, a formal written order was signed and entered by the Juvenile judge in conformity with A.R.S. § 8–538(A), including the requisite findings as to jurisdiction and the grounds previously set forth in the minute entry. This order also terminated the parental relationship of appellants to their children. Notice of appeal was not filed until December 22, 1975, and in compliance with the Rules of Civil Procedure it merely gave notice that appellants appealed from the November 7, 1975 order, but contrary to the Rules of the Juvenile Court contained no statements of the grounds for the appeal and no memorandum of authorities. This procedural posture presents the questions of the timeliness and sufficiency of the notice of appeal.

Once again we find ourselves confronted with an issue which arises either from the lack of any applicable provision in the Rules of Procedure for the Juvenile Court, 17A, A.R.S., or from a conflict between those rules and various statutory provisions in the Juvenile Code (A.R.S. § 8–201 et seq.), or from conflicting provisions within the Rules themselves. As illustrative of other appeals, highlighting these deficiencies, *see, e. g., In The Matter of The Appeal in Pima County Juvenile Action No. J–46735 v. Howard,* 112 Ariz. 170, 540 P.2d 642 (1975); *Maricopa Coun-*

*ty Juvenile No. 71257 v. Cook,* 109 Ariz. 139, 506 P.2d 1033 (1973); *Maricopa County Appeal No. J–68100 v. Haire,* 107 Ariz. 309, 486 P.2d 791 (1971); *In the Matter of the Appeal in Pima County Juvenile Action No., J–47735–1,* 26 Ariz.App. 46, 546 P.2d 23, (filed February 17, 1976); *In the Matter of the Appeal in Yavapai County Juvenile Action No. 7707,* 25 Ariz. App. 397, 543 P.2d 1154 (1975); *In the Matter of the Appeal in Maricopa County Juvenile Action No. JS–734,* 25 Ariz.App. 333, 543 P.2d 454 (1975); *In the Matter of the Appeal in Pima County Juvenile Action No. J–35316,* 24 Ariz.App. 384, 539 P.2d 188 (1975); *Hernandez v. State of Arizona ex rel. Arizona Department of Economic Security,* 23 Ariz.App. 32, 530 P.2d 389 (1975).

The statutory sections affecting children (Title 8) deal with various matters, including adoption, dependency and neglect, delinquency, foster homes, and termination of parental relationships, *inter alia,* and grants to the Juvenile Court exclusive jurisdiction over such matters. The Juvenile Rules, while purporting to "govern the procedure *for all matters* in the Juvenile Court," Juvenile Rule 1, contains provisions expressly relating to delinquency, neglect and dependency appeals, and certain other "General Provisions", which are limited to highly specific and narrow matters. There are no provisions in the Rules, for example, which expressly deal with hearing procedures, orders, post-judgment proceedings, or fees in any type of case other than one involving delinquency, dependency, or neglect. In other words, proceedings such as adoptions or termination of parental relationships are not specifically mentioned in the Rules, although such matters are handled exclusively in the Juvenile Court and are purportedly covered by the Juvenile Rules. We are aware of the difficulty involved in promulgating an integrated set of rules which will effectively cover all cases which may arise thereafter, but we respectfully suggest that after four years of experience under the present, initial Ju-

venile Rules, some additions and revisions are in order. This appeal spotlights the necessity for revision to guard against the pitfalls to innocent litigants who are trapped in their insufficiencies.[1]

In this particular case, we are confronted with the question of what governs the requirements for the type of order to be entered, and the allowable time and manner for perfecting an appeal—the statutory provisions relating to termination cases, or the Juvenile Rules.

A.R.S. § 8–538(A) (effective 1970) provides:

"Every order of the court terminating the parent-child relationship or transferring legal custody or guardianship of the person of the child or providing for protective supervision of the child shall be in writing and shall recite the findings upon which such order is based, including findings pertaining to the court's jurisdiction. Such order shall be conclusive and binding on all persons from the date of entry."

A.R.S. § 8–543 (effective 1970) provides that:

"Any party aggrieved by any order, judgment or decree of the court may appeal to the court of appeals for review of questions of law. *The procedure of such an appeal shall be governed by the same provision applicable to appeals from the superior court. . . .*" (emphasis added)

Thus, under the statutory provisions relating to termination proceedings, an order "in writing" would be required in conformity with the Rules of Civil Procedure generally applicable to civil appeals. The time limit for appeal would be 60 days after the entry thereof, and a simple notice of appeal and cost bond would have to be filed. Rules 58(a) and 73(b), Rules of Civil Pro-

cedure, 16 A.R.S. The matter of appeals is also handled in the Juvenile Rules.

Juvenile Rule 24 (effective 1972) provides that "any aggrieved party may appeal from a final order of the juvenile court to the Court of Appeals."

Juvenile Rule 25 (effective 1972) provides in part as follows:

"(a) An appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court. There is no requirement that a final order be in writing and signed by the judge before an appeal can be taken.

"(b) An appeal may be taken only by filing with the Clerk of the Superior Court a written notice of appeal which specifies the party taking the appeal and designates the particular matter appealed from, together with a concise statement of the grounds for the appeal supported by a memorandum of authorities. If oral argument is requested, it shall be separately indicated at the time of filing the notice of appeal. . . ."

Under the Juvenile Rules, no written order would be required for appealability and the notice of appeal, statement of grounds, and supporting memorandum would have to be filed within 15 days after the minute entry order ordering the termination.

Comparison of the foregoing conflicting statutory and rule provisions indicates that we must resolve two basic questions: (1) whether an order must be in writing to be appealable in a termination case, and (2) the time limit and method for perfecting an appeal from a termination order.

The right to appeal is substantive and can be created only by constitution or statute. *State v. Birmingham*, 95 Ariz. 310, 390 P.2d 103 (1964), modified on rehearing, 96 Ariz. 109, 392 P.2d 775 (1964). The substantive *right* to appeal in termina-

---

1. Counsel for appellants in this matter has avowed to this court that because of the confusion generated by the lack of reference in the Juvenile Rules to termination of parental rights cases, he called the Juvenile Court for advice on how to perfect his ap-

peal in this matter. He alleges he was advised that an appeal from a termination of parental rights order is handled procedurally in the same manner as a civil appeal. We have no reason to doubt this avowal.

tion cases has been created by the Legislature in § 8–543 and is not subject to alteration or diminution by the Supreme Court. *Ibid.* However, the procedural aspects of perfecting and processing such an appeal may be and are regulated exclusively by the Supreme Court. Ariz.Const., Art. VI, Sec. 5; *Arizona Podiatry Assn. v. Director of Insurance,* 101 Ariz. 544, 422 P.2d 108 (1966); *State v. Birmingham,* 96 Ariz. 109, 392 P.2d 775 (1964).

■ When a new substantive right is created by the Legislature accompanied by procedural provisions for implementing it, such as in A.R.S. § 8–543, the statutory procedures are regarded as rules of the Supreme Court until modified by rules promulgated by that Court, and when so promulgated, the Court rules take precedence over the previously prescribed statutory procedures. *State ex rel. Purcell v. Superior Court,* 107 Ariz. 224, 485 P.2d 549 (1971); *Arizona Podiatry Assn., supra; State v. Blazak,* 105 Ariz. 216, 462 P.2d 84 (1969).

The Legislature itself has recognized this proposition in A.R.S. § 12–111, which provides that "all statutes relating to pleading, practice and procedure shall be deemed rules of court and shall remain in effect as such until modified or suspended by rules promulgated by the supreme court." *See, also, Smitherman v. Superior Court,* 5 Ariz.App. 170, 424 P.2d 461 (1967), vacated on other grounds, 102 Ariz. 504, 433 P.2d 634 (1967). Thus, until 1972, when the Juvenile Rules were promulgated, appeals from termination of parental rights cases were governed by A.R.S. § 8–543.

■ The termination of a parental relationship, and the right to appeal from an order directing such termination are, in our opinion, both part of the substantive law of the state and may not be altered by court rule. The Legislature, in decreeing this substantive law has determined in § 8–538A that in order for a termination or-

der to be valid it must be in writing and recite the court's findings as to its jurisdiction and as to the grounds on which it is based. We believe that these requirements are part of the substantive law of termination, as they were singled out as requirements in this specific type of case, probably because of the significant subject matter involved. We therefore conclude that such a written order and findings are essential to the *substantive validity* of a termination order. Division 2 of this court apparently reached the same conclusion in *Hernandez v. State ex rel Arizona Department of Economic Security,* 23 Ariz.App. 32, 530 P.2d 389 (1975) (review denied). (Footnote 1, 23 Ariz.App. 34, 530 P.2d 389). Substantive validity, however, should not be confused with appealability. With respect to the requirement of an order "in writing", to be appealable, our Supreme Court has determined that such a provision is procedural rather than substantive, and hence may be added, abrogated, or modified by the Supreme Court. *State v. Birmingham,* 96 Ariz. 109, 392 P. 2d 775 (1964).

■ In view of the promulgation of Juvenile Rules 24 and 25 subsequent to the enactment of the statutes in question, and the fact that their provisions are in direct contradiction to the statutory provisions concerning orders in writing to be appealable and the appeal procedure for termination cases, we believe that the Supreme Court intended to alter these procedural provisions of the statutes and to prescribe a new procedure. However, to reconcile as much as possible the provisions of the statute with those of the rules, we hold that a minute entry order setting forth the requisite statutory findings, is a "written order" for the purposes of A.R.S. § 8–543. In our opinion, therefore, the appellate procedure provision of § 8–543 has been superseded and thus eliminated by the Juvenile Rules. Referring again to the declaration in Juvenile Rule 1 that the Juvenile Rules govern *all* matters in Juvenile Court,

**490**

the flat statement in Juvenile Rule 25 that there is no requirement of a signed written order for appeal, and the fact that very detailed appellate procedures are provided in the Rules, we believe that the Juvenile Rules exclusively now govern these aspects of termination cases. Accordingly, we hold that no order "in writing" (in the sense that that type of order is required under Rule 58(a), Rules of Civil Procedure) is required to make that order appealable; that a minute entry order making an adjudication of termination is appealable; and that any appeal must be taken in the time and manner prescribed in Juvenile Rule 25—within 15 days after the minute entry order and accompanied by a statement of grounds supported by a memorandum of authorities.

We do not mean to intimate that a formal written order signed by the judge should not be entered in this type of case. However, for appeal purposes, this court intends to treat the minute entry order as the appealable order, and to dismiss any attempted appeal not taken in accordance with Juvenile Rule 25, within 15 days after the entry of the minute entry order directing termination of a parental relationship.

In this case, a formal written order signed by the juvenile judge was entered, but the appeal was not taken within 15 days after entry of either the minute entry order or the formal written order, nor did the notice of appeal comply with the formal requirements of Juvenile Rule 25(b). The appeal is, therefore, in our opinion both untimely and improperly perfected. Appellate time limits have uniformly been held to be jurisdictional in Arizona, and failure to perfect an appeal on time under the applicable rule deprives the appellate court of jurisdiction except to dismiss the appeal. *Edwards v. Young,* 107 Ariz. 283, 486 P.2d 181 (1971); *Hall v. Industrial Commission,* 106 Ariz. 221, 474 P.2d 812 (1970); *Harbel Oil Co. v. Steele,* 80 Ariz. 368, 298 P.2d 789 (1956); *Marquez v. Rapid Harvest Co.,* 89 Ariz.

62, 358 P.2d 168 (1960); *cf. State v. Gause,* 112 Ariz. 296, 541 P.2d 396 (1975).

For the foregoing reasons, and on the court's own motion, the appeal is dismissed for lack of jurisdiction.

SCHROEDER and WREN, JJ., concur.