566 P.2d 329

**The STATE of Arizona, Petitioner,**

v.

**The Honorable John P. COLLINS, Judge of the Superior Court, Respondent,**

**Bradley James REED, Real Party in Interest.**

**No. 2 CA–CIV 2588.**

Court of Appeals of Arizona, Division 2.

June 16, 1977.

Stephen D. Neely, Pima County Atty. by Bruce Bridegroom, Deputy County Atty., Tucson, for petitioner.

John M. Neis, Pima County Public Defender by James Pray, Asst. Public Defender, Tucson, for Real Party in Interest.

## OPINION

RICHMOND, Judge.

Did the respondent judge abuse his discretion in denying petitioner's request that a juvenile witness be ordered to answer questions he had refused to answer on the ground he might incriminate himself? That is the question in this special action. We believe he did, and assume jurisdiction to grant relief.

On October 4, 1976, real party in interest Reed was accused of burglary, a violation of the terms of his probation, in Juvenile Cause No. 45596–1. On the same date, another juvenile was also accused of the same burglary, a violation of the terms of his probation, in Juvenile Cause No. 36723–1. Thereafter on January 27, 1977, Reed was found guilty of the burglary and, therefore, of having violated the terms of his probation.

On April 26, 1977, the other probationer's hearing commenced. Reed was called to the stand as a witness for the state and after responding to some preliminary questions, refused to answer any questions pertaining to the burglary on the ground he might incriminate himself. The state requested that he be ordered to testify; it argued that he could not invoke his Fifth Amendment privilege since he had already been found guilty of the offense concerning which testimony was sought. The request was denied, and the state then made a written request, pursuant to A.R.S. § 13–1804, that Reed be granted immunity from the use of his testimony against him in any prosecution for an offense concerning which he was required to answer, and be ordered to answer the questions. This request was denied also.

We need not decide whether the immunity statute applies to a juvenile court proceeding,[1] because once Reed was found guilty of the transaction in question, he was no longer able to claim the privilege of the Fifth Amendment and may be compelled to testify. *United States v. Hoffman*, 385 F.2d 501 (7th Cir. 1967), cert. denied 390 U.S. 1031, 88 S.Ct. 1424, 20 L.Ed.2d 288; *United States v. Romero*, 249 F.2d 371 (2d Cir. 1957); *see also Reina v. United States*, 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960).

The order of the respondent court denying the state's motion is set aside with directions to enter an appropriate order consistent with this opinion.

HOWARD, C. J., and HATHAWAY, J., concur.

1. The statute applies to ". . . any criminal proceeding . . . ." It has been held in different circumstances "that the Legislature did not consider the proceedings in Juvenile Court . . . to be criminal in nature . . . ." *Maricopa County Appeal No. J–68100 v. Haire*, 107 Ariz. 309, 311, 486 P.2d 791 (1971).