584 P.2d 618

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–85871.**

**No. 1 CA–JUV 69.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 11, 1978.

Charles F. Hyder, Maricopa County Atty. by G. Wayne Stewart, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Judge.

This is an appeal from an order of the Juvenile Court imposing as a condition of probation that the juvenile delinquent be committed to the Maricopa County Jail for four weekends commencing after his eighteenth birthday.

The overall general question is whether the Juvenile Court has jurisdiction to impose a jail term upon a juvenile as a condition of probation, and the sole narrow issue is whether the Juvenile Court may as a special term and condition of probation order that a juvenile be incarcerated in the county jail for a period of four weekends when the juvenile reaches the age of eighteen.

The facts briefly are as follows. A petition was filed in Juvenile Court on October 26, 1977 alleging in Count I that the juvenile who was born on September 30, 1960 was a delinquent child and had on or about September 2, 1977 committed a simple assault upon a certain person, and in Count II thereof alleging that on the same date he assaulted another person with a deadly weapon or instrument to-wit: a tire jack.

An adjudication hearing was held on January 16, 1978 at which time the State amended Count II to provide for aggravated battery in lieu of the assault charge and dismissed Count I. The juvenile admitted the allegations of Count II as amended.

At the disposition hearing on April 27, 1978 the Court placed appellant in the custody of his mother and, over objection of juvenile's counsel, ordered that he spend four weekends in the Maricopa County Jail commencing October 6, 1978, as a term of probation.

Appellant's main contention is that the Juvenile Court has no jurisdiction to impose a jail term upon him, a juvenile delinquent, as a condition of probation. This, he argues, is because an adjudication of delinquency is not an adjudication that the person has committed a crime for which criminal penalties may be imposed. He also argues that the Juvenile Court does not possess inherent power or jurisdiction to incarcerate a juvenile delinquent in jail or prison, and that incarceration in these institutions can only be accomplished after the juvenile has been remanded for adult prosecution. We agree.

Arizona Constitution, Article 6, § 15, provides:

"The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years. The judges shall hold examinations in chambers for all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and may, in their discretion, suspend criminal prosecution of such children. The powers of the judges to control such children shall be as provided by law."

The basis of the juvenile process is that delinquent children or persons who have committed crimes while under 18 years of age should be dealt with separate and apart from the adult offenders, i. e., persons who

have committed crimes after reaching 18, or persons under 18 against whom the Juvenile Court has permitted criminal prosecution to proceed. When a person, as in this case, is handled as a delinquent child because criminal prosecution has been suspended, then that person must be handled and dealt with as provided by law. This is the clear import of the last sentence of Article 6, § 15, supra, which reads:

"The powers of the judges to control such children shall be as provided by law."

Our Legislature has provided these powers of judges to control children, mainly through A.R.S., Chapter 2, Title 8.

A.R.S. § 8–207 of Title 8 provides:

"A. An order of the juvenile court in proceedings under this chapter shall not be deemed a conviction of crime or impose any civil disabilities ordinarily resulting from a conviction or to operate to disqualify the child in any civil service application or appointment.

B. A child, by virtue of any such order, shall not be committed or transferred to an institution or other facility used primarily for the execution of sentences of persons convicted of a crime.

C. The disposition of a child in the juvenile court may not be used against the child in any case or proceeding in any court other than a juvenile court, whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report."

■ A reading of this statute, particularly § 8–207(B), quickly reveals that a court is prohibited from committing a juvenile to any institution used primarily for the imprisonment of persons convicted of crimes. Likewise, the reading of the above subsection (B) of § 8–207 and of subsection (A) quickly reveals that the adjudication of delinquency is not a criminal conviction that would empower the Juvenile Court to sentence a juvenile delinquent offender to

incarceration in the county jail. Cf. *Webb v. Rose*, 20 Ariz.App. 450, 513 P.2d 988 (1973). As a general proposition once a Juvenile Court has exercised its jurisdiction over the juvenile, its authority is limited by the statutes conferring the authority. 47 Am.Jur.2d, Juvenile Courts, § 3, p. 987.

At this point it is well to note that even though appellant is still under 18 years of age that the Juvenile Court has by its action extended jurisdiction over him beyond his eighteenth birthday. This power in the court is again by reason of Title 8, supra. Jurisdiction acquired during the time the child is under eighteen can be extended to the period between the age of eighteen and twenty-one years. A.R.S. § 8–202(D) [1] and § 8–246.

■ When read together, the clear import of the legislative enactments in Title 8 dealing with the extension of jurisdiction over a juvenile beyond his eighteenth birthday up to the age of twenty-one unless sooner terminated by law or by order of the court is that the juvenile still remains under the jurisdiction of the Juvenile Court and is subject to and protected by the same considerations as though he were under eighteen.

■ In A.R.S. § 8–241 the Legislature has set out the power of disposition and commitment of children by the Juvenile Court. Pertinent sections dealing with this case are § 8–241(A)(2)(a) and (b). Pursuant to these sections the court awarded appellant, who was then still under 18 years of age, to the custody of his mother subject to the supervision of the probation department. This, we agree, is proper but when the court proceeded to make one of the conditions of probation that he serve time in the county jail then this one condition was illegal. We are unable to see where as argued by appellant that these sections are authority to the Juvenile Court to step outside of its role as a juvenile court judge and

---

1. A.R.S. § 8–202(D) reads:

"Jurisdiction of a child obtained by the juvenile court in a proceeding under this chapter shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes twenty-one years of age, unless terminated by order of the court prior thereto."

impose incarceration in jail contrary to A.R.S. § 8–207, supra.

True, jail terms as conditions of probation can now be imposed in adult prosecutions pursuant to A.R.S. § 13–1657. However, this statute has no application to the probation that is given in the Juvenile Court as the statute is part of our Criminal Code, A.R.S. Title 13, which is applicable to adult prosecutions as distinguished from juvenile prosecutions.

We believe that any argument advanced by appellee to the effect that because of the fact that appellant will be eighteen years of age on October 6, 1978, the date when the confinement is to begin, that he can be treated as an adult in the juvenile process because of the definitions in A.R.S. § 8–201(5) and § 8–201(3) and that therefore he has been appropriately sentenced to the Maricopa County Jail as a term of probation is in error.

We hold that part of the disposition order of the Juvenile Court which reads:

"IT IS ORDERED, that, as a special term and condition of probation, that when Michael reaches the age of eighteen, and according to the file, was born on September 30th 1960, that Michael be confined in the Maricopa County Jail, in accordance with A.R.S. § 8–241(b) [§ 8–241(A)(1)(b)], for a period of four weekends, and will report on Friday, October 6th at 6:00 p. m."

is illegal and void.

The disposition order is set aside and the matter remanded for a new disposition proceeding and order not inconsistent with the holding of this opinion.

FROEB, C. J., and HAIRE, P. J., concur.