617 P.2d 54

**In the Matter of the Appeal in MARICO-PA COUNTY, JUVENILE ACTION NO. J–84536–S.**

**No. 1 CA–JUV 89.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 20, 1979.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by Barbara K. Miller, Deputy County Atty., Phoenix, for appellee.

## OPINION

DONOFRIO, Judge.

This is an appeal by the juvenile herein from an adjudication of delinquency and the disposition entered by the juvenile court. Appellant's probation was revoked and he was committed to the State Department of Corrections for suitable institutional placement for the term permitted by law unless sooner released pursuant to law.

Instead of designating the particular matter appealed from together with a concise statement of the grounds for appeal, as required by the Rules of Procedure for the Juvenile Court, rule 25, counsel for appellant has filed a memorandum wherein he sets forth that he has searched the record on appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has found no arguable question of law. Additionally counsel requests this court to search the record for fundamental error citing A.R.S. § 13–1715 [1] and *State v. Powell*, 5 Ariz.App. 51, 423 P.2d 127 (1967).

It is the appellate court's responsibility to determine whether the appeal has been properly or timely perfected, *Application of Lopez*, 97 Ariz. 328, 400 P.2d 325 (1965). Although no motion to dismiss has been filed we *sua sponte* dismiss this appeal

because of appellant's failure to comply with the Rules of Procedure for the Juvenile Court, rule 25.

"The right to appeal is one which must be provided either by the constitution or by the legislature." *Arizona Podiatry Ass'n v. Director of Insurance*, 101 Ariz. 544, 548, 422 P.2d 108, 112 (1966). The legislature has granted juveniles the right to appeal by enacting A.R.S. § 8–236 [2]. The Arizona Constitution, Art. 6, § 5, empowers our Supreme Court to make rules relative to all procedural matters in any court of this state. This power includes promulgating rules of procedure for juvenile matters. Pursuant to the constitutional authority in Article 6, § 5(5) this Court may promulgate rules governing appeals for guidance of the various juvenile courts, attorneys and those involved in juvenile matters.

*Maricopa County Appeal No. J–168100 v. Haire*, 107 Ariz. 309, 311, 486 P.2d 791, 793 (1971).

In exercise of its power to promulgate rules governing juvenile appeals, our Supreme Court promulgated the Rules of Procedure for the Juvenile Court including rule 25 which, in pertinent part, provides:

Rule 25

\*       \*       \*       \*       \*       \*

(b) An appeal may be taken only by filing with the Clerk of the Superior Court a written notice of appeal which specifies the party taking the appeal and designates the particular matter appealed from, together with a *concise statement of the grounds for the appeal supported by a memorandum of authorities.* ... (Emphasis supplied).

This special rule of procedure relative to juvenile appeals governs in place of the general appeals statute. In *Appeal in Pima County, Juvenile Action No. J–35316*, 24 Ariz.App. 384–385, 539 P.2d 188–189 (1975), it was said:

In 1970, the legislature enacted a comprehensive Juvenile Code which became ef-

---

1. Renumbered as § 13–4035 by Laws 1977, effective October 1, 1978.

2. A.R.S. § 8–236(A) Any aggrieved party may appeal from a final order of the juvenile court to the court of appeals ....

**548**

fective August 11, 1970. Laws 1970, Ch. 223, Sec. 2. A.R.S. Sec. 8–236 provides that any aggrieved party may appeal to this court from a final order of the Juvenile Court. No provision is made, as in A.R.S. Sec. 12–2101 (as amended) for appeals from post–judgment orders. Since the Juvenile Code is a self–contained enactment, its provisions control rather than those of general appeal statute. *Ginn v. Superior Court*, 1 Ariz.App. 455, 458, 404 P.2d 721 (1965).

Appellant's memorandum filed with the notice of appeal does not set forth any concise statement of the grounds for appeal from the juvenile court as required by Rule 25. Rather the memorandum states that counsel for appellant searched the record and found no arguable issue of law. While this may be sufficient to perfect an appeal under the general appellate statutes pertaining to criminal cases, it is insufficient to perfect a juvenile appeal. In juvenile appeals the parties must comply with the juvenile appellate Rule 25. There was no such compliance in this case.

The different treatment given juvenile appeals as opposed to criminal appeals has been upheld as constitutional. *In re Maricopa County, Juvenile Action No. J–72804*, 18 Ariz.App. 560, 504 P.2d 501 (1972); *In re Appeal in Maricopa County, Juvenile Action No. J–75755*, 111 Ariz. 103, 523 P.2d 1304 (1974). A fundamental reason for the different treatment is that juvenile proceedings are non–criminal in nature. As stated by the Arizona Supreme Court:

> This Court has always regarded the procedure in Juvenile Court as non–criminal regardless of its jurisdiction to deal with children accused of crime. *Application of Gault*, 99 Ariz. 181, 407 P.2d 760; 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (Reversed on other grounds); *Arizona State Dept. of Public Welfare v. Barlow*, 80 Ariz. 249, 296 P.2d 298.

> It is obvious that the Legislature did not consider the proceedings in Juvenile Court under Chapter 223, supra, to be criminal in nature, since Chapter 223, § 8–207 (reenacting in essence former A.R.S. § 8–228), provides that an order of the Juvenile Court in proceedings under said chapter are not to be deemed a conviction of crime or to impose any civil disabilities ordinarily resulting from a conviction.

*Maricopa County Appeal No. J–68100 v. Haire*, 107 Ariz. at 311, 486 P.2d at 793. The most basic function of the juvenile justice system, and the most deeply rooted concept in juvenile court philosophy, is that the purpose of the system is to rehabilitate and not to punish. The special provisions governing juvenile appeals are designed to protect the juvenile's rights and at the same time promote rehabilitation.

Since, in the prosecution of this appeal, there has been a failure to comply with the appropriate procedure, it is ordered that this appeal is dismissed.

WREN and CONTRERAS, JJ., concur.