619 P.2d 17

STATE of Arizona ex rel. Suzanne DAN-
DOY, as Director, Department of Health
Services, and State of Arizona ex rel. R.
Robertson Kenner, as Superintendent,
Arizona State Hospital, Petitioners,

v.

SUPERIOR COURT of the State of Ari-
zona, In and For the COUNTY OF
PIMA, and Lillian S. Fisher, a Judge
thereof, Respondents,

and

Anonymous, a minor, Respondent and
Real Party in Interest.

No. 2 CA–CIV 3477.

Court of Appeals of Arizona,
Division 2.

Dec. 27, 1979.

Rehearing Denied Jan. 30, 1980.

Review Granted Feb. 20, 1980.

Robert K. Corbin, Atty. Gen. by Paul A.
Katz, Sp. Asst. Atty. Gen., Phoenix, for
petitioners.

Stephen D. Neely, Pima County Atty. by
Howard L. Baldwin, Deputy Co. Atty., Tuc-
son, for respondents.

Richard S. Oseran, Pima County Public
Defender by Thomas Althaus, Asst. Public
Defender, Tucson, for respondent Minor.

OPINION

HATHAWAY, Judge.

Petitioners, officials responsible for the
administration, supervision and direction of
the Arizona State Hospital, have brought
this special action to challenge orders of the
respondent juvenile judge which have pre-
vented them from discharging a juvenile
committed to the hospital by order of the
juvenile court. We accelerated the hearing
on the petition and concluded that the juve-
nile court had exceeded its jurisdiction. We
ordered discharge of the juvenile from the
hospital and directed that she be released to
the custody of either the Pima County
Sheriff or a Pima County probation officer
and stated that our opinion would follow.

Several petitions alleging delinquency of
the subject juvenile are presently pending.
On October 30, 1979, based on the testimony
of a probation officer and a discharge sum-
mary from Wilmot Psychiatric Hospital, the
court found that the juvenile was a danger
to herself and others, was unable to assist
in her defense, was unable to fully compre-
hend all of the legal proceedings at that
time, and that she needed additional evalua-
tion and treatment. The court ordered that

she be committed to the Arizona State Hospital for evaluation and treatment and that she remain there no less than thirty days. A review hearing was set for November 27, at which time the court would review the status of the juvenile's health and well-being. On November 27, the court ordered that the juvenile remain at the adolescent unit of the Arizona State Hospital for continued treatment, until further order of the court. The court expressly found that the juvenile was still dangerous to herself or others and set December 20 for a review, and directed the probation officer to check with two juvenile facilities to see if one of them would be an appropriate exit placement for the juvenile.

By letter dated December 3, the attorney for the state hospital advised the juvenile judge that the hospital, after thorough evaluation and study, could no longer clinically or legally justify the juvenile's continued hospitalization and therefore she would be discharged on December 7. By minute entry order, the juvenile judge on December 5 ordered that the juvenile remain in the care, custody and control of the hospital until it could be determined in open court that she was no longer a danger to herself or others and that she could function safely outside of a custodial security institution. The court stated as its reasons that all the evidence was that the juvenile required institutional care and that the state hospital discharge summary dated November 24 had stated that the juvenile would benefit from individual and family therapy and placement in a long-term residential facility. The review hearing set for December 20, was confirmed.

The power of the juvenile court is circumscribed by its statutory authority. *State v. Collins*, 122 Ariz. 550, 596 P.2d 385 (App. 1979); *In Matter of Appeal in Maricopa County Juvenile Action No. J–85871*, 120 Ariz. 154, 584 P.2d 618 (App.1978). The only provision in the Juvenile Code concerning commitment for mental illness is A.R.S. Sec. 8–242 which provides:

"*Disposition of Mentally Ill or Mentally Retarded Child*

A. If, at a dispositional hearing of a child adjudged to be delinquent, dependent or incorrigible, or prior thereto, the evidence indicates that the child may be suffering from mental retardation or mental illness, the juvenile court before making a disposition shall order such study and report on the child's mental condition as the court determines is necessary.

B. If it appears from the study and the report that the child is mentally ill or mentally retarded, the juvenile court shall hear the matter, and if the child is found:

1. To be committable under the laws of this state as mentally ill, the juvenile court shall order the child committed to the appropriate institution for the mentally ill.

2. To be mentally retarded, such child shall be assigned by the juvenile court pursuant to section 8–241. If a mentally retarded child is assigned by the juvenile court to the department of economic security, such assignment shall be subject to the provisions of section 36–560.

C. If it appears from the study and report or hearing that the child is not committable as a mentally ill child or subject to assignment as a mentally retarded child, the juvenile court shall proceed in the manner as otherwise provided by this chapter."

Division One of this court, in the case of *In re Maricopa County Appeal*, 15 Ariz.App. 536, 489 P.2d 1238 (1971), construed subsections A and B as not authorizing the juvenile court judge to make a direct, unconditional commitment to the State Department of Mental Retardation facilities. We agree with petitioners that A.R.S. Sec. 8–242 was intended to apply only after a child has been adjudged to be delinquent, dependent or incorrigible.

Subsection B of A.R.S. Sec. 8–242, however, does authorize the juvenile court to order a child committed to an appropriate institution for the mentally ill if the child is found "to be committable under the laws of this state as mentally ill." We hold that

even if the minor here had been adjudicated delinquent, her commitment to the state hospital could only be lawfully accomplished in a manner consistent with our Mental Health Services Act, A.R.S. Sec. 36–501, et seq. See *In re Michael E.*, 15 Cal.3d 231, 123 Cal.Rptr. 103, 538 P.2d 231 (1975); *In re Michael D.*, 70 Cal.App.3d 522, 140 Cal.Rptr. 1 (1977). See also, *In re Roger S.*, 19 Cal.3d 921, 141 Cal.Rptr. 298, 569 P.2d 1286 (1977).

Since the respondent court ordered the involuntary commitment of the juvenile without the procedural safeguards of the Mental Health Services Act, we have invalidated the commitment orders and directed the discharge of the juvenile from the Arizona State Hospital.

Relief granted.

RICHMOND, C. J., and HOWARD, J., concur.