904 P.2d 1305

**In the Matter of the Appeal in MARICOPA COUNTY JUVENILE ACTION NO. JV131701.**

**No. 1 CA–JV 95–0036.**

Court of Appeals of Arizona, Division 1, Department E.

Nov. 2, 1995.

Richard M. Romley, Maricopa County Attorney by Juli S. Warzynski and Linda van Brakel, Deputy County Attorneys, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Gerald M. Kaplan, Deputy Public Defender, Phoenix, for Appellant.

**OPINION**

NOYES, Judge.

The juvenile Appellant was adjudicated delinquent based on her admission to a charge of attempted theft of an automobile. As part of the disposition, she was ordered to pay

$955.29 in restitution. The juvenile's main claim on appeal is that the victim should not have been allowed to testify by telephone at the restitution hearing. We agree. Because we conclude that the juvenile court lacks authority to permit telephonic testimony in delinquency cases, we reverse the restitution order and remand for a new restitution hearing.

The plea agreement provided that the juvenile would pay restitution in an amount to be established at a hearing, not to exceed $1,200. By the time of the hearing, the victim had returned to Minnesota and the State reasoned, quite sensibly, that the victim should not have to travel from Minnesota to Arizona for a restitution claim that was capped at $1,200 and documented by estimates and receipts in the court's file. The State requested that the victim be permitted to testify by telephone, and the court granted the request over objection from the juvenile's counsel.

At the time set for the hearing, the juvenile court, the court reporter, the court clerk, counsel for the State, counsel for the juvenile, the juvenile, and the juvenile's mother gathered together and the court placed a telephone call to the victim. The victim identified himself, the court told him to raise his right hand, and the clerk administered the oath telephonically. The victim was then examined and cross-examined over the speaker phone regarding his Verified Victim Statement and supporting documentation.

The juvenile made several objections during the restitution hearing and raises several issues on appeal. We address only the dispositive issue of whether the juvenile court has authority to permit telephonic testimony in delinquency cases.

■ The juvenile court's powers to control delinquent children are limited to those provided by law. *Maricopa County Juvenile Action No. J-92130,* 139 Ariz. 170, 171, 677

P.2d 943, 944 (App.1984) (citing Ariz. Const. art. 6, § 15, and *Maricopa County Juvenile Action No. J-85871,* 120 Ariz. 154, 156, 584 P.2d 618, 620 (App.1978) ). Rule 19.2, Rules of Procedure for the Juvenile Court, which expressly provides when telephonic testimony can be permitted in juvenile court proceedings, states: "The court may, in its discretion, permit telephonic testimony or argument in any dependency or termination of the parent-child relationship hearing." The failure of Rule 19.2 to mention delinquency proceedings is intentional, as explained by the Note to the 1993 Amendment to the Rule:

> This is a new rule which reflects an increasingly common practice in civil proceedings. As yet, telephonic testimony has not proved useful in delinquency cases, so the rule is limited to dependency and termination cases. The rule is similar to the Maricopa County Local Rule 3.2(e), applicable in civil cases.[1]

Because the subject of telephonic testimony in juvenile court is covered by Rule 19.2, and because Rule 19.2 intentionally fails to include delinquency cases among those in which the juvenile court has authority to permit telephonic testimony, we cannot "interpret" Rule 19.2 as authorizing the juvenile court to permit telephonic testimony in delinquency cases. Rule 19.2 must be amended before telephonic testimony can be permitted in delinquency cases.

■ The Arizona Supreme Court has the exclusive power to make rules regarding all procedural matters in any court, including juvenile court. Ariz. Const. art. 6, § 5; *Maricopa County Juvenile Action No. J-84536–S,* 126 Ariz. 546, 547, 617 P.2d 54, 55 (App. 1979). Inferior courts may not supplement, annul, or supersede this constitutional power and may not amend a rule of procedure created by the supreme court. *Anderson v. Pickrell,* 115 Ariz. 589, 590, 566 P.2d 1335,

---

1. Maricopa County Local Rule 3.2(e) does not permit telephonic *testimony* in civil cases; it permits telephonic *argument.* In a contested hearing, testimony is evidence from a witness who is under oath and subject to cross-examination; argument is none of those things. Because of the differences between testimony and argument, a rule-making authority might permit telephonic argument where it would not permit telephonic testimony.

1336 (1977); *State v. Superior Ct.*, 95 Ariz. 319, 330, 390 P.2d 109, 117 (1964). Any amendment to Rule 19.2 must come from the Arizona Supreme Court's rule-making authority.

Because the juvenile court exceeded its authority in permitting telephonic testimony in this delinquency case, the restitution order is vacated and the matter is remanded for a new restitution hearing.

KLEINSCHMIDT, P.J., and ERLICH, J., concur.