NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH E. STEVENS, *Appellant.*

No. 1 CA-CR 19-0703

FILED 11-10-2020

Appeal from the Superior Court in Yuma County
No. S1400CR201801053
The Honorable Roger A. Nelson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Joshua Tesoriero
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**P O R T L E Y**, Judge:

¶1       Kenneth E. Stevens appeals the superior court's ruling precluding the testimony of a trial witness. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2       On August 25, 2018, Stevens began experiencing mental distress. His girlfriend took him to the emergency room. Hospital staff took his vital signs, and Stevens told them that he had used methamphetamine. He eventually began acting aggressively, yelling at hospital staff, and throwing things. Hospital security escorted Stevens out of the hospital and told him they had called the police.

¶3       By the time police arrived, Stevens was in the hospital parking lot surrounded by hospital security guards. An altercation ensued between Stevens and numerous police officers, as well as a border patrol agent who was at the scene. During the struggle, Stevens threw punches at officers and put one officer in a headlock. He was subdued, but two officers sustained minor injuries. Throughout the fracas, officers described Stevens as angry and aggressive. Officers also recalled Stevens made comments about being on drugs and noted that he smelled of alcohol.

¶4       After his arrest, Stevens was booked into jail. He continued exhibiting erratic behavior; he was yelling and refusing to allow officers to remove his restraints, and, as a matter of precaution, placed on suicide watch. Several days later, his girlfriend came to bail him out, but he refused to leave with her. Later, Stevens was medicated, and his behavior

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

improved. He was transferred to Horizon Health and Wellness, where his mental health was evaluated, and he was given anti-psychotic medication. Stevens was subsequently transferred back to jail and later released on bail.

¶5            Stevens was charged with aggravated assault and resisting arrest. During his jury trial, his defense centered on his poor mental health. He presented testimony from his girlfriend and sister, both of whom had observed his strange mental state and behaviors.

¶6            Stevens also wanted to call as a witness Brandi Morgan, a Horizon Health and Wellness behavioral health nurse practitioner. She had evaluated Stevens over the phone while he was in the Yuma County Detention Center. He, however, had failed to serve Morgan with a subpoena, and, at the time of trial, she was living in South Carolina. Stevens suggested that Morgan be allowed to testify by telephone, but the State objected. After resolving some confusion about whether Stevens properly listed Morgan as a witness, the court determined Morgan could testify by telephone and allowed the State to interview her before she testified.

¶7            After the phone conversation, the State again objected to Morgan testifying telephonically. Voicing concerns about the documents Morgan was referencing during the phone conversation, and the fact she had only spoken to Stevens by telephone, the State did not believe Stevens could establish the evidentiary foundation necessary to admit the medical records from Horizon Health and Wellness. The superior court, after considering the arguments, stated:

> I'm going to preclude this witness. I think that the fact that she is not here has created a host of issues.
>
> Witnesses normally are not allowed to testify telephonically in a criminal trial. I was making an exception, but now I see that I was wrong.
>
> This is the reason I was wrong, because not having the witness here, not knowing exactly what they are looking at in the exhibits that they are using to testify from, it just creates an issue that I think the State's got a legitimate complaint about that, and I'm going to change my ruling and exclude this witness.
>
> And I don't think you are going to be able to lay the foundation for that exhibit absent this witness. That's the Court's ruling.

¶8        At the conclusion of the trial, the jury found Stevens guilty on all counts.  The superior court suspended imposition of his sentence and placed him on supervised probation.  Stevens timely appealed.

## DISCUSSION

¶9        We review the superior court's decision to exclude a witness for an abuse of discretion.  *State v. Carlos*, 199 Ariz. 273, 277, ¶ 10 (App. 2001).  "A defendant has a Sixth Amendment right to compel witnesses to testify whose testimony is material and favorable to the defense."  *State v. Rosas-Hernandez*, 202 Ariz. 212, 216, ¶ 10 (App. 2002); *see Washington v. Texas*, 388 U.S. 14, 18 (1967).  The method for compelling attendance at trial is to serve the witness with a subpoena.  A.R.S. § 13-4071(A); Ariz. R. Crim. P. 34(a).

¶10       Stevens argues the superior court erred by prohibiting him from calling Morgan as a witness.  He, however, failed to serve Morgan with a subpoena in order to secure her attendance at trial.  Instead, and nearly at the end of trial, he attempted to have her testify by telephone.

¶11       The superior court, in the exercise of its discretion, refused to allow Morgan to testify telephonically.  *See* Ariz. R. Evid. 611(a) ("The court should exercise reasonable control over *the mode* and order of examining witnesses . . . so as to . . . make those procedures effective for determining the truth[.]") (emphasis added).  Stevens presents no authority to support his argument that the court is required to allow a witness, who was not subpoenaed, to testify telephonically during a criminal jury trial, and we have found none.

¶12       We have prohibited telephonic testimony when it is offered against a defendant as a violation of the defendant's Sixth Amendment rights.  *See State v. Moore*, 203 Ariz. 515, 518, ¶ 11 (App. 2002).  The Sixth Amendment, however, does not address whether a defendant is entitled to have a medical witness testify telephonically.  Neither do the Arizona criminal statutes nor criminal rules of procedure.  Instead, we look to the Arizona Rules of Evidence, and find that our supreme court, in promulgating those rules, leaves the determination of the mode of testimony to the trial judge's sound discretion.  Ariz. R. Evid. 611(a); *see In re MH2004-001987*, 211 Ariz. 255, 258–59, ¶ 15 (App. 2005) (determining Arizona Rule of Evidence 611(a) "could be construed" to allow telephonic testimony in a civil mental health proceeding).  *But cf. In re Maricopa Cnty. Juv. Action No. JV131701*, 183 Ariz. 481, 482–83 (App. 1995) (prohibiting telephonic testimony in a juvenile delinquency adjudication).  Accordingly,

the superior court did not abuse its discretion by denying Stevens' request to have Morgan testify telephonically.

¶13 Stevens also contends the superior court erred because Morgan's testimony was relevant and because she was qualified to testify as a lay witness or expert witness. He argues the court should have held a hearing to determine whether Morgan was qualified to testify. We disagree. Other than pointing out that any attempt to elicit "diminished capacity" opinion evidence would be improper, the State did not challenge Morgan's ability to testify to her observations, nor did it suggest those arguments at trial. Moreover, the court did not preclude Morgan's testimony based on lack of relevancy, nor did it determine she was unqualified to provide observational testimony. Rather, the court's ruling was only based on the potential confusion that might arise if she was allowed to testify by telephone.

## CONCLUSION

¶14 The superior court did not abuse its discretion by precluding Morgan from testifying telephonically, and we affirm Stevens' convictions and supervised probation as punishment.



AMY M. WOOD • Clerk of the Court
FILED:   AA